HOAN, Appellant, vs. JOURNAL COMPANY and others, Respondents.*

*October 16—November 10, 1942.*

For the appellant there was a brief by *Francis E. McGovern* and *McGovern, Curtis & Devos,* all of Milwaukee, attorneys, and a brief by *Stephen J. McMahon* of Milwaukee of counsel,

* Motion for rehearing denied, without costs, on January 12, 1943.

and oral argument by *Mr. McGovern* and by *Daniel W. Hoan, in pro. per.*

For the respondents there were briefs by *Miller, Mack & Fairchild,* and oral argument by *J. G. Hardgrove,* all of Milwaukee.

ROSENBERRY, C. J.   The controversy in this case grows out of *Hoan v. Journal Co.,* a case which was here on appeal from the judgment and is reported in *Hoan v. Journal Co.* (1941) 238 Wis. 311, 298 N. W. 228, to which reference is made for a fuller statement of the facts.

In order to disclose the question for decision in this case, it is necessary to make a brief statement of facts.   After the rendition of the judgment affirming the judgment of the trial court, on May 20, 1941, the plaintiff made a motion for a rehearing which was denied on July 7, 1941.   The plaintiff then presented to the United States supreme court a petition for writ of *certiorari* to this court to review its judgment. The petition was denied on November 10, 1941. *Hoan v. Journal Co.* (1941) 314 U. S. 683, 62 Sup. Ct. 187, 86 L. Ed. 547.   The plaintiff filed a petition for a rehearing which was denied on December 15, 1941.   314 U. S. 715.   The *remittitur* from this court to the clerk of the circuit court for Milwaukee county was filed January 29, 1942.   On February 20, 1942, the circuit court ordered the clerk of that court to release from custody the defendants' exhibits.   On May 7, 1942, the plaintiff filed a petition which is the basis of the present controversy.   The petition incorporated—

"all the records, files, documents, papers and proceedings in the above-entitled action and makes the same a part hereof the same as though fully and at length set forth herein."

The plaintiff prayed for an order of the court "vacating and setting aside its order changing the answers of the jury to certain questions of the special verdict, hereinbefore mentioned and rectifying his acts in ignoring the answers of

the jury to its remaining answers to the question in said verdict, denying plaintiff's motion for judgment and granting judgment dismissing the complaint of the plaintiff with costs against him; and in addition thereto plaintiff prays that this court grant judgment in favor of plaintiff on his motion for judgment heretofore referred to herein."

Upon the oral argument it was conceded advisedly that the motion was in effect a motion to vacate and set aside the judgment.

Upon this appeal it is necessary for us to consider but one proposition, namely, Did the circuit court have power to grant the relief prayed for? It is well established under the law of this state that a judgment of a trial court when affirmed by this court becomes in legal effect the judgment of this court and the trial court has no power to vacate or set it aside.

In *Ean v. Chicago, M. & St. P. R. Co.* (1898) 101 Wis. 166, 170, 76 N. W. 329, referring to sec. 3071, Stats., now sec. 274.35 (1), the court said:

"As has been frequently stated, the judgment so entered is, in legal effect, the judgment of this court. It is none the less true in cases where there is an affirmance than when some other directions are given."

The statute referred to provides:

"In all cases the supreme court shall remit its judgment or decision to the court below and thereupon the court below shall proceed in accordance therewith." *Crowns v. Forest Land Co.* (1898) 100 Wis. 554, 76 N. W. 613; *Miller Saw-Trimmer Co. v. Cheshire* (1922), 177 Wis. 354, 189 N. W. 465; *State ex rel. Zabel v. Municipal Court* (1923), 179 Wis. 195, 190 N. W. 121, 191 N. W. 565.

The circuit court is without power to relieve a party from a judgment rendered against him through mistake, surprise, or excusable neglect after that judgment has been affirmed by this court on appeal, even though the application be made

within one year after notice thereof as provided by sec. 269.46, Stats. *Belt Line Realty Co. v. Dick* (1930), 202 Wis. 608, 233 N. W. 762.

Twenty days after the denial of a motion for rehearing this court is without jurisdiction of the case in which the motion was made. *Milwaukee County v. H. Neidner & Co.* (1936) 220 Wis. 185, 263 N. W. 468, 265 N. W. 226, 266 N. W. 238; *Tomberlin v. Chicago, St. P., M. & O. R. Co.* (1932) 208 Wis. 30, 238 N. W. 287, 242 N. W. 677, 243 N. W. 208; *Bassett v. Chicago & N. W. R. Co.* (1919) 168 Wis. 617, 171 N. W. 749, 171 N. W. 752. The trial court being without power to grant the prayer of the petition, it correctly denied it, and its action is affirmed.

*By the Court.*—Order affirmed.