SUTTER and wife, Appellants, v. STATE and others,
Respondents.*

*No. 166 (1974). Submitted under sec. (Rule) 251.54 June 5, 1975.—
Decided September 30, 1975.*
(Also reported in 233 N. W. 2d 391.)

* Motion for rehearing denied, without costs, on March 12, 1976.

714

For the appellants the cause was submitted on the brief of *Joseph C. Niebler* and *Miller & Niebler S. C.,* all of Milwaukee.

For the respondents the cause was submitted on the brief of *Victor A. Miller,* attorney general, and *Roy G. Mita,* assistant attorney general.

For the appellant there was a brief by *Joseph C. Niebler, Frederic G. Baldowsky* and *Miller & Niebler, S. C.* of Milwaukee.

For the respondent there was a brief by *Bronson C. La Follette,* attorney general, and *Roy G. Mita,* assistant attorney general.

BEILFUSS, J. The plaintiffs contend that the trial court either erred in failing to exercise its discretion to grant relief from judgment or abused its discretion in its exercise; and ask this court to reverse the orders of the trial court in the interest of justice.

The trial court was without power to grant the relief requested. After providing in a general way for the mandate of this court, sec. 274.35, Stats., declares:

". . . In all cases the supreme court shall remit its judgment or decision to the court below and thereupon the court below shall proceed in accordance therewith."

It is desirable that litigation come to an end. This controversy has been fully tried upon the merits and the rights of the parties conclusively determined. The judgment of the circuit court conforms to the mandate of this court and is correct. The remittitur of this court was that the cause should be remanded with specific directions to the circuit court that judgment be entered granting the state's counterclaim for specific performance. This court did not direct the circuit court to proceed with the case or to open the case, nor did this court leave open any issue as to whether the state was entitled to specific performance of the option to purchase granted to it by the plaintiffs. This court directed that the litigation come to an end.

In *Hoan v. Journal Co.* (1942), 241 Wis. 483, 485, 6 N. W. 2d 185, this court stated:

". . . a judgment of a trial court when affirmed by this court becomes in legal effect the judgment of this court and the trial court has no power to vacate or set it aside."

This rule is nonetheless applicable in cases where there is an affirmance than when some other specific directions are given. *Ean v. Chicago, M. & St. P. R. Co.* (1898), 101 Wis. 166, 76 N. W. 329.

The trial court has no power to grant relief from judgment pursuant to sec. 269.46, Stats., upon the grounds of "mistake, inadvertence, surprise or excusable neglect" where the judgment has been specifically directed by this court. In *Ean, supra,* page 170, this court determined that sec. 2832, R. S. 1878, now sec. 269.46, had no application to a judgment which has been directed by the supreme court on appeal:

"It would seem that this section, like sec. 2832, can only have application to judgments of the circuit court,

and not to those which by operation of law have become judgments of this court. Any other conclusion would be hazardous in the extreme, in that it would be destructive of the very foundation upon which the judgments of courts of last resort must rest. It must be presumed that it was the legislative intention that the law should only apply to such judgments as were distinctively those of the court in which the application to vacate is made. It may be doubtful if the legislature has the power to pass a law which will put the judgments of this court at the mercy of a lower court. The theory upon which our system of goverment was created was that the three branches—executive, legislative, and judicial—should be co-ordinate and independent. The constitution provides that *this* shall be a court of last resort,—a court whose judgments, so far as they relate to state polity, are final and conclusive."

This has been repeatedly declared by this court. *Milwaukee County v. H. Neidner & Co.* (1936), 220 Wis. 185, 263 N. W. 468, 265 N. W. 226, 266 N. W. 238; *Belt Line Realty Co. v. Dick* (1930), 202 Wis. 608, 233 N. W. 762.

The trial court has no authority to amend the pleadings after remittitur with the mandate of this court providing specific directions for the entry of a particular judgment. Generally, amendments are not permissible on remand where the case was determined on the merits. 5B C. J. S., *Appeal and Error*, p. 591, sec. 1969 (2). After final judgment has been rendered or directed on appeal, ordinarily the trial court has no power to allow the amendment of the pleadings. 5B C. J. S., *Appeal and Error*, p. 593, sec. 1969 (3). This court has followed this rule. *Patten Paper Co. (Limited) v. Green Bay & Mississippi Canal Co.* (1896), 93 Wis. 283, 66 N. W. 601, 67 N. W. 432, reversed on other grounds, 172 U. S. 58, 19 Sup. Ct. 97, 43 L. Ed. 364.

Plaintiffs cite *Fullerton Lumber Co. v. Torborg* (1957), 274 Wis. 478, 80 N. W. 2d 461, and sec. 274.36 (3), Stats., for the proposition that the trial court may determine matters left open and in the ab-

sence of specific directions, is generally vested with a legal discretion to take such action, not inconsistent with the order of this court, as seems wise and proper under the cricumstances. In *Fullerton Lumber Co., supra,* the plaintiff had sought an injunction to enforce a restrictive covenant and damages. The trial court held the covenant to be invalid and made no finding as to damages. On the first appeal, *Fullerton Lumber Co. v. Torborg* (1955), 270 Wis. 133, 70 N. W. 2d 585, this court reversed; holding the covenant to be valid. Damages were not referred to by either party on appeal. The trial court refused to determine damages after remand; where upon another appeal this court held that consideration of damages would not be inconsistent with the first mandate. This court went on to observe, however, that its mandate "settled for all time" the issue of the validity of the restrictive covenant.

While plaintiffs' statement of the law is correct, it has no application to the facts here. Here the mandate directed the entry of a particular judgment. Nothing was left open and the cause was not remanded to the lower court for further proceedings. Whether the state was entitled to specific performance upon the option to purchase was finally determined by this court. The relief the plaintiffs seek is inconsistent with the mandate of this court.

Finally, plaintiffs maintain that the real controversy was not tried; and that this court should reverse in the interest of justice. Reversal in the interest of justice is not required in this case. The reasons for which can be best demonstrated by the reasoning and observations of the trial court. The plaintiffs were represented by competent counsel. Three lawsuits had been commenced; one for rescission in equity upon the ground of misrepresentation. All questions of law and fact were available to the plaintiffs. No inadvertent mistake

was made, but a deliberate choice of strategy taken. Justice does not require that plaintiffs be twice afforded their day in court. In *John Mohr & Sons, Inc. v. Jahnke* (1972), 55 Wis. 2d 402, 408, 198 N. W. 2d 363, this court stated:

". . . Since the plaintiff chose to pursue its claim on the language of the contract, we do not think it ought now be permitted to change the theory of its case to one of shop rights. Sec. 251.09, granting this court the power of discretionary reversal, was not intended to allow plaintiff to proceed to a trial on a valid theory of a cause of action, and losing on that theory, to have a second trial on a different, valid theory of a cause of action. When there are alternative causes of action and one makes a choice, there is little room for arguing the real issue has not been tried."

*By the Court.*—Orders affirmed.