Shirley W. MULLEN, Plaintiff-Respondent-Petitioner,

Douglas MULLEN, Plaintiff,

v.

Scott A. COOLONG, American Family Mutual Insurance Company and Tracey E. Strain, Defendants,

HORACE MANN INSURANCE COMPANY, Defendant-Appellant.

Supreme Court

*No. 88–0156. Argued November 28, 1989.—Decided February 21, 1990.*

(Also reported in 451 N.W.2d 412.)

For the plaintiff-respondent-petitioner there were briefs by *Bruce D. Huibregtse, Gila Shoshany* and *Staf-*

*ford, Rosenbaum, Rieser & Hansen,* Madison and oral argument by *Mr. Huibregtse.*

For the defendant-appellant there was a brief by *Carroll Metzner, Jean M. Wiencek* and *Bell, Metzner, Gierhart & Moore, S.C.,* Madison and oral argument by *Carroll E. Metzner.*

WILLIAM A. BABLITCH, J. Shirley W. Mullen (Mullen) seeks review of a court of appeals' decision which reversed the trial court's grant of relief under sec. 806.07, Stats, based on a post-judgment change in the controlling law. We conclude under the unique circumstances of this case that the trial court did not abuse its discretion in granting relief. The decision of the court of appeals is therefore reversed.

Mullen was injured when struck by an automobile driven by Scott Coolong (Coolong). Mullen subsequently sued Coolong and another motorist, Tracey Strain, alleging the negligence of both caused her injuries. Mullen joined Coolong's insurer, American Family, and also joined Horace Mann Insurance Company (Horace Mann), her own uninsured motorist carrier, because Tracey Strain was uninsured.

Mullen moved for summary judgment for payment of the uninsured motorist benefits up to the limits of the Horace Mann policy. Horace Mann filed its own motion for summary judgment alleging no liability under the uninsured motorist coverage on the ground that a reducing clause in the policy reduced any amount payable under uninsured motorist by any amount paid by any person liable to the insured. The circuit court granted Mullen's motion for summary judgment and Horace Mann appealed.

The court of appeals reversed and ruled in favor of Horace Mann. *Mullen v. Coolong,* 132 Wis. 2d 440, 393

403

N.W.2d 110 (Ct. App. 1986) *(Mullen I)*. The court of appeals concluded that neither sec. 632.32(4)(a) nor sec. 631.43(1), Stats., prohibited the enforcement of the reducing clause in Horace Mann's uninsured motorist coverage. *Id.* at 452–53.

Mullen thereafter petitioned this court for review. On December 2, 1986, the petition was denied. However, on March 10, 1986, we had already accepted certification of a case which posed the identical question of law raised by Mullen in her petition for review. *Nicholson v. Home Ins. Cos.,* 137 Wis. 2d 581, 405 N.W.2d 327 (1987) *(Nicholson).*

Both *Mullen I* and *Nicholson* challenged the viability of uninsured motorist reducing clauses based on the mandate in sec. 632.32(4)(a), Stats., that insurers issue uninsured motorist insurance of at least $25,000.00. Moreover, both plaintiffs in *Mullen I* and *Nicholson* presented the identical arguments against the same uninsured motorist reducing clause based on the same statute. On May 12, 1987, we issued our decision in *Nicholson,* and specifically overruled *Mullen I.* We stated:

> We disagree with and overrule the court of appeals *Mullen* decision for two principal reasons. First, the court of appeals erroneously concluded that the legislature intended the 1975 amendment to mean a return to the *Leatherman* decision. The expressed purpose of the 1975 amendment was to continue in effect the 1973 amendment which overturned the *Leatherman* decision.
>
> Second, the court of appeals failed to analyze the *Leatherman, Scherr* and *Nelson* cases carefully . . .. Because the legislature has rejected the premise underlying *Leatherman, Scherr* and *Nelson,* these

404

three cases are not valid interpretations of the present law. *Id.* at 600–01.

Meanwhile, after the petition for review in *Mullen I* was denied, and apparently unaware that *Nicholson* was pending, Mullen sought leave in circuit court to file an amended complaint against Horace Mann to allege a claim for underinsured motorist benefits. However, before that motion could be heard, Mullen accepted a settlement offer of $500.00 to settle her claims. The parties then stipulated to an order dismissing the action.

Six weeks later, when this court issued its decision in *Nicholson,* Mullen tendered the $500.00 back to Horace Mann and demanded payment of the original uninsured motorist judgment Judge Krueger originally entered in her favor. Horace Mann rejected this tender.

Mullen then filed a motion in the circuit court under sec. 806.07, Stats., seeking relief from the stipulated dismissal order, and reentry of the judgment against Horace Mann on her uninsured motorist claim. The circuit court granted Mullen's motion.

Horace Mann then appealed this order. The court of appeals, in the decision now before this court, reversed Judge Krueger. *Mullen v. Coolong,* No. 88–0156 unpublished slip op. (Wis. Ct. App. Nov. 17, 1988) *(Mullen II).* The court of appeals held that because its decision in *Mullen I* was denied review, the circuit court lacked authority under sec. 806.07, Stats., to thereafter nullify what was the final judgment in the case. The court of appeals stated:

> For the stated reasons, the trial court had no power under sec. 806.07, Stats., to nullify our final judgment. When the supreme court denied Mullen's petition for review, our judgment became final. It 'settled for all time' the issue of the validity of Horace Mann's reducing clause in Coolong's policy. The fact

that the supreme court overruled *Mullen I* does not affect the conclusive nature of our judgment. As the supreme court stated in *Sutter:* 'Any other conclusion would be hazardous in the extreme, in that it would be destructive of the very foundation upon which the judgments of courts of last resort must rest.' *Mullen II,* slip op. at 6.

On its own motion, the court of appeals reconsidered its decision under sec. (Rule) 809.24, Stats. The court initially noted that its conclusion was inequitable to Mullen. However, the court concluded that it had no authority to deal with that unfairness and confirmed its decision. On March 14, 1989, we accepted review of the *Mullen II* decision.

An order granting a motion for relief under sec. 806.07, Stats., will not be reversed unless there has been a clear abuse of discretion. *Shuput v. Lauer,* 109 Wis. 2d 164, 177, 325 N.W.2d 321 (1982). The term "discretion" contemplates a process of reasoning which depends on facts that are in the record or reasonably derived by inference from the record and yields a conclusion based on logic and founded on proper legal standards. *Id.* at 177–78.

This court is required to uphold a discretionary decision of the trial court if we can conclude *ab initio* that proper factors support the trial court's decision. *See Conrad v. Conrad,* 92 Wis. 2d 407, 415, 284 N.W.2d 674 (1979). Here, the trial court gave no explicit indication of which subsection of sec. 806.07(1), Stats., it was relying on as a basis of relieving Mullen from the settlement agreement. Thus, the record must be reviewed to determine whether the trial court's decision to grant relief from the judgment is supported by the statutory factors

enumerated in sec. 806.07(1). The record in this case supports the conclusion that relief was appropriate under sec. 806.07(1)(h).

Section 806.07(1), Stats., quoted below,[1] seeks to achieve a balance between the competing values of finality and fairness in the resolution of disputes. *See* Graczyk, *The New Wisconsin Rules of Civil Procedure, Chapters 805-807,* 59 Marq. L. Rev. 671, 727 (1976). The courts must construe sec. 806.07 to achieve this balance. *State ex rel. M.L.B. v. D.G.H.,* 122 Wis. 2d 536, 541, 363 N.W.2d 419 (1985).

Subsection (h) gives the trial court broad discretionary authority and invokes the pure equity power of the court. *See M.L.B.,* 122 Wis. 2d at 544–45. This section is based on Fed. R. Civ. P. 60(b)(6). Federal cases interpreting that provision indicate that it must be liberally construed to allow relief from judgments "whenever such action is appropriate to accomplish justice." *See Klapprott v. United States,* 335 U.S. 601, 615 (1948).

---

[1] **806.07 Relief from judgment or order. (1)** On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

(a) Mistake, inadvertence, surprise, or excusable neglect;

(b) Newly-discovered evidence which entitles a party to a new trial under s. 805.15(3);

(c) Fraud, misrepresentation, or other misconduct of an adverse party;

(d) The judgment is void;

(e) The judgment has been satisfied, released or discharged;

(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;

(g) It is no longer equitable that the judgment should have prospective application; or

(h) Any other reasons justifying relief from the operation of the judgment.

It is irrefutable that the result reached in this case thus far is inequitable to Mullen. As the trial court correctly observed, Mullen was essentially "a victim of circumstances." The determinative fact in this case is that we denied a petition for review in *Mullen I* at the very same time when the same issue was before us in *Nicholson*. After remittitur of the record, and apparently unaware of the *Nicholson* certification, the parties stipulated to a settlement and the case was dismissed. Subsequently, this court in *Nicholson* overturned the court of appeals' decision in *Mullen I*. In so doing, we reached the precise result Mullen advocated in her petition for review in *Mullen I*.

After this court decided *Nicholson,* Mullen moved the trial court for relief from the judgment of dismissal and reinstatement of the judgment originally awarded in *Mullen I.* The trial court granted the motion. The court concluded that the continued application of the court of appeals' decision in *Mullen I* under these circumstances would work an injustice. The trial court further found that using *Nicholson* as precedent to reinstate the judgment would not lead to finality of judgment problems.

We review this case for an abuse of discretion. Under these unique facts, the result reached by the trial court is not an abuse of discretion. We denied Mullen's petition for review at the same time *Nicholson* was pending before us. Both challenged the same uninsured motorist reducing clause under the same statute, and both presented the same arguments against it. Good cause was therefore shown for relief under sec. 806.07(1)(h), Stats., and the record supports the trial court's determination that such action was necessary to accomplish substantial justice. Accordingly, we conclude that the trial court acted appropriately in holding *Nich-*

*olson* controlling, and granting relief from the court of appeals' mandate in *Mullen I.*

Horace Mann insists that language in *Sutter v. State,* 69 Wis. 2d 709, 233 N.W.2d 391 (1975), prohibits a trial court from granting relief under sec. 806.07, Stats., where the relief granted is inconsistent with a final mandate of an appellate court. According to Horace Mann, when this court denied Mullen's petition for review in *Mullen I,* the court of appeals' judgment became "settled for all time," and the fact that we subsequently overruled *Mullen I* did not affect the conclusive nature of the court of appeals' mandate in that case.

We disagree. The holding in *Sutter* does not preclude trial courts from granting relief from appellate mandates under the circumstances presented in this case. In *Sutter,* the plaintiffs commenced three lawsuits in two different circuit courts. Their case was reviewed by this court and remitted to the trial court, which complied with this court's mandate and entered judgment granting specific performance. The Sutters then sought relief from the judgment in order to file an amended complaint and pursue a different theory of action. We stated:

> '. . . a judgment of a trial court when affirmed by this court becomes in legal effect the judgment of this court and the trial court has no power to vacate or set it aside.' *Id.* at 716 (quoting *Hoan v. Journal Co.,* 241 Wis. 483, 485, 6 N.W.2d 185 (1942)).

However, there was no change of circumstances in *Sutter* and there were no inequities of the sort presented here. The court also specifically found that there was not an interest of justice argument to be made. *Id.* at 718. The Sutters simply sought leave to have their new counsel pursue a different theory of recovery. Accordingly,

*Sutter* does not support the proposition that a trial court lacks authority under any circumstances to grant relief following a remittitur from a court of last resort.

■

Our conclusion that the trial court did not abuse its discretion in granting relief is in accord with our recent discussion in *Univest Corp. v. General Split Corp.,* 148 Wis. 2d 29, 435 N.W.2d 234 (1989), regarding the law of the case doctrine. In *Univest,* we emphasized that we have departed from the earlier tradition of rigid adherence to the law of the case doctrine. We stated that the doctrine was no longer a rule to be inexorably followed in every case, and could be disregarded when " 'cogent, substantial and proper reasons exist.' " *Id.* at 39. (Citations omitted.)

In so holding, we cited with approval *State v. Brady,* 130 Wis. 2d 443, 448, 388 N.W.2d 151 (1986). There, the trial court suppressed evidence as the fruit of an unlawful arrest made pursuant to an invalid arrest warrant. The court of appeals affirmed the circuit court order and we denied the state's petition for review. Shortly thereafter, the United States Supreme Court handed down its decision in *United States v. Leon,* 468 U.S. 897 (1984), adopting the good faith exception to the exclusionary rule. The state then moved the circuit court to reconsider its suppression order, arguing that the defendant was arrested in good faith reliance on the material witness arrest warrant. The circuit court refused to reconsider the issue, concluding that the court .of appeals' affirmance of the suppression order established the issue for all time. The state appealed the circuit court's denial of its motion for reconsideration, and the issue was certified to this court.

We concluded that the law of the case doctrine allowed trial court reconsideration of an appellate order

in certain circumstances, for example if the "controlling authority has since made a contrary decision of the law applicable to such issues." *Brady* at 448 (quoting *White v. Murtha,* 377 F.2d 428, 431–32 (5th Cir. 1967). We stated that because the law of the case was a question of court practice and not an inexorable rule, it required the exercise of judicial discretion. *Id.* at 448.

Accordingly, we are unpersuaded by Horace Mann's argument. We conclude that the trial court acted within its discretion under the unique circumstances of this case in granting Mullen's motion for relief from judgment. The decision of the court of appeals is reversed.

*By the Court.*—The decision of the court of appeals is reversed.