Steven C. TIETSWORTH, David Bratz,
John W. Myers, Gary Streitenberger,
and Gary Wegner, on behalf of themselves
and all others similarly situated,
Plaintiffs-Appellants,

v.

HARLEY-DAVIDSON, INC., and Harley-Davidson
Motor Company, Defendants-Respondents.†

Court of Appeals

*No. 2004AP2655. Oral argument November 1, 2005.*
*—Decided December 13, 2005.*

2006 WI App 5

(Also reported in 709 N.W.2d 901.)

---

† Petition to review granted 2-27-06.

---

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Ted W. Warshafsky* and *Frank T. Crivello, II* of *Warshafsky, Rotter, Tarnoff, Reinhardt & Bloch, S.C.* of Milwaukee; *Jonathan D. Selbin, pro hac vice*, and *Lisa J. Leebove, pro hac vice*, of *Lieff, Cabraser, Heimann & Bernstein, LLP* of San Francisco, CA; *David J. Bershad, pro hac vice, Michael M. Buchman, pro hac vice*, and *Michael R. Reese, pro hac vice*, of *Milberg Weiss Bershad & Schulman LLP* of New York, NY; and *Shpetim Ademi, Guri Ademi* and *Robert K. O'Reilly* of *Ademi & O'Reilly, LLP* of Cudahy. There was oral argument by *Lisa J. Leebove.*

On behalf of the defendants-respondents, the cause was submitted on the brief of *W. Stuart Parsons, Patrick W. Schmidt* and *Kelly H. Twigger* of *Quarles & Brady*

*LLP* of Milwaukee, and *Robert L. Binder* of *Foley & Lardner* of Milwaukee. There was oral argument by *W. Stuart Parsons*.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. WEDEMEYER, P.J. Steven C. Tietsworth, David Bratz, John W. Myers, Gary Streitenberger and Gary Wegner, on behalf of themselves and all others similarly situated (hereinafter "Tietsworth"), appeal from an order denying their motion to reopen the case for further proceedings under WIS. STAT. § 808.08(3) (2003–04)[1] and for leave to amend the complaint under WIS. STAT. § 802.09 to pursue the contract and warranty remedies the Wisconsin Supreme Court recognized in *Tietsworth v. Harley-Davidson, Inc.*, 2004 WI 32, 270 Wis. 2d 146, 677 N.W.2d 233. Tietsworth contends first, that the trial court erred in concluding that under § 808.08(3), it was powerless to allow Tietsworth to amend the complaint to assert legal claims which the supreme court explicitly recognized they have and, second, that the trial court erroneously exercised its discretion in denying Tietsworth's motion for leave to amend the complaint under § 802.09. Because the trial court erred in denying the motion to reopen and the motion to amend the complaint, we reverse and remand with directions.

## BACKGROUND

¶ 2. On June 28, 2001, Tietsworth filed this proposed class action against Harley-Davidson, Inc. and Harley-Davidson Motor Company (hereinafter "Harley-

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

Davidson") alleging problems with the design, manufacture, and sale of defective motorcycles and engines. Tietsworth's causes of action included: (1) a violation of WIS. STAT. § 100.18 (the "Deceptive Trade Practices Act" or "DTPA"); (2) negligence; (3) strict products liability; and (4) common-law fraudulent concealment. Plaintiffs also sought certification of a nationwide class of all persons who have owned, own, leased, lease, or acquired 1999 and early-2000 model year Harley-Davidson motorcycles equipped with Twin Cam 88 and Twin Cam 88B engines.

¶ 3. On November 1, 2001, Harley-Davidson moved to dismiss the complaint on the basis that Tietsworth's claims were premature as they incurred no actual injury, either personal or economic. Defendants also argued that plaintiffs' tort claims were barred by the economic loss doctrine, and that statutory fraud under WIS. STAT. § 100.18, and common law fraudulent concealment claims, should be dismissed for lack of particularity pursuant to WIS. STAT. § 802.03(2).

¶ 4. On February 27, 2002, the trial court issued an order dismissing the complaint in its entirety for failure to state a claim. On April 12, 2002, Tietsworth appealed to this court only the dismissal of its DTPA and the fraudulent concealment claims. We reversed the trial court's dismissal order and reinstated both causes of action. *See Tietsworth v. Harley-Davidson, Inc.*, 2003 WI App 75, 261 Wis. 2d 755, 661 N.W.2d 450.

¶ 5. Harley-Davidson appealed our decision to the supreme court, alleging that a claimed "propensity to fail" was insufficient to establish injury under either theory, and that the economic loss doctrine barred plaintiffs' fraudulent concealment claim. On March 26, 2004, our supreme court issued an opinion reversing this court's decision. *Tietsworth v. Harley-Davidson,*

*Inc.*, 2004 WI 32, 270 Wis. 2d 146, 677 N.W.2d 233. The supreme court's opinion, however, explicitly recognized that the plaintiffs had contract and warranty remedies that had not been asserted in the complaint:

> [T]he plaintiffs have warranty remedies for the alleged defects in their motorcycles. In addition, there are contract remedies at law and in equity to the extent that the plaintiffs were fraudulently induced to purchase their motorcycles. A contract fraudulently induced is void or voidable; a party fraudulently induced to enter a contract may affirm the contract and seek damages for breach or pursue the equitable remedy of rescission and seek restitutionary damages, including sums necessary to restore the party fraudulently induced to his position prior to the making of the contract. The economic loss doctrine does not bar these *contract* remedies for fraudulently induced contracts.
>
> . . . The plaintiffs may have contract remedies—breach of contract/warranty or rescission and restitution—but may not pursue a tort claim for misrepresentation premised on having purchased allegedly defective motorcycles.

*Id.*, ¶¶ 36, 37 (citations omitted; emphasis in original).

¶ 6.   On April 27, 2004, the supreme court entered a remittitur, which stated that "the decision of the court of appeals is reversed" and gave no further instructions to the trial court. The case was remanded to the trial court.

¶ 7.   On June 16, 2004, in accordance with the supreme court's decision, after issuance of the remittitur, Tietsworth moved the trial court to reopen this matter under WIS. STAT. § 808.08(3) and for leave to amend the complaint under WIS. STAT. § 802.09 to pursue the contract and warranty remedies the court identified. Plaintiffs alleged fraudulent inducement to

contract, breach of express warranty and unjust enrichment. They asserted that the supreme court's comments regarding the availability of contract claims and the failure of the supreme court to specifically state that no further proceedings may take place, provided a basis for them to reopen *Tietsworth* to amend the complaint. Defendants argued that the remittitur affirmed the dismissal of the trial court and the case was over.

¶ 8. On August 23, 2004, the trial court heard plaintiffs' argument to reopen *Tietsworth*. It did not grant Tietsworth's motion, holding that a trial court "may not allow amendments of pleadings when the supreme court affirmed the judgment dismissing the case." The trial court believed it lacked authority to grant the relief requested by the plaintiffs. Plaintiffs' claims were dismissed on September 9, 2004. Tietsworth appeals from that order.

## DISCUSSION

¶ 9. The issue in this case is whether the trial court erred in ruling that it lacked authority to reopen this case to allow further proceedings on remand from the supreme court in *Tietsworth*, 270 Wis. 2d 146, ¶ 45, and in denying Tietsworth's motion for leave to amend the complaint. We conclude that the trial court erred in denying the plaintiffs' motion to reopen and amend the complaint. Accordingly, we reverse the trial court's order and remand with specific directions to the trial court to enter an order granting the motion and allowing Tietsworth to file the second amended complaint and proceed with its contract and warranty claims.

¶ 10. We independently review the trial court's determination that it lacked authority to grant

Tietsworth's motion to reopen the proceedings under WIS. STAT. § 808.08(3).[2] *Harvest Sav. Bank v. ROI Invs.*, 228 Wis. 2d 733, 737–38, 598 N.W.2d 571 (Ct. App. 1999); *see Breier v. E.C.*, 130 Wis. 2d 376, 381, 387 N.W.2d 72 (1986).

¶ 11.   The court of appeals reviews the trial court's denial of Tietsworth's motion for leave to amend under WIS. STAT. § 802.09 for an erroneous exercise of discretion. *Finley v. Culligan*, 201 Wis. 2d 611, 626, 548 N.W.2d 854 (Ct. App. 1996). A court's refusal to exercise its discretion constitutes a misuse of discretion. *Oostburg State Bank v. United Sav. & Loan Ass'n*, 130 Wis. 2d 4, 11–12, 386 N.W.2d 53 (1986); *Finley*, 201 Wis. 2d at 626.

*A. Motion to Reopen.*

¶ 12.   Tietsworth argues that the trial court had the authority under WIS. STAT. § 808.08(3) to grant its motion. Harley-Davidson responds that the remand from the supreme court ended the matter. We conclude

---

[2] The full text of WIS. STAT. § 808.08 provides:

**Further proceedings in trial court.** When the record and remittitur are received in the trial court:

(1) If the trial judge is ordered to take specific action, the judge shall do so as soon as possible.

(2) If a new trial is ordered, the trial court, upon receipt of the remitted record, shall place the matter on the trial calendar.

(3) If action or proceedings other than those mentioned in sub. (1) or (2) is ordered, any party may, within one year after receipt of the remitted record by the clerk of the trial court, make appropriate motion for further proceedings. If further proceedings are not so initiated, the action shall be dismissed except that an extension of the one–year period may be granted, on notice, by the trial court, if the order for extension is entered during the one-year period.

that the remand left open the possibility that the plaintiffs would move to amend their complaint to add the contract and warranty claims discussed in the supreme court's opinion.

¶ 13. This case, in part, depends on a statutory interpretation of WIS. STAT. § 808.08. Both parties agree that neither subsec. (1) directing the trial court to take specific action on remand, nor subsec. (2) directing the trial court to conduct a new trial on remand, apply to the facts of this case. Accordingly, the dispute centers on whether § 808.08(3) provides the trial court with the authority to reopen the case and allow the plaintiffs to amend. We conclude that subsec. (3) provides such authority.

¶ 14. The mandate by the supreme court in this case simply "reversed the decision of the court of appeals" and remanded the matter to the trial court. The supreme court's decision did not affirm a judgment of dismissal or direct that a judgment of dismissal be entered. The only trial court order, which this court reversed on appeal, was dismissal of the tort claims.

¶ 15. "[T]he traditional view [is] that a circuit court often has some discretion on remand to resolve matters not addressed by a mandate in a manner consistent with that mandate." *State ex rel. J.H. Findorff & Son, Inc. v. Circuit Court for Milwaukee County*, 2000 WI 30, ¶ 25, 233 Wis. 2d 428, 608 N.W.2d 679 (citing *Fullerton Lumber Co. v. Torborg*, 274 Wis. 478, 483, 80 N.W.2d 461 (1957)).

> Where a mandate directs the entry of a particular judgment, it is the duty of the trial court to proceed as directed. The trial court may, however, determine any

matters left open, and in the absence of specific directions, is generally vested with a legal discretion to take such action, not inconsistent with the order of the upper court, as seems wise and proper under the circumstances.

*Id.* (citing *Fullerton Lumber Co. v. Torborg*, 274 Wis. 478, 483, 80 N.W.2d 461 (1957)). Here, the trial court was asked to reopen the matter and allow the plaintiffs to amend their complaint to add contract and warranty claims. This action involved a matter not specifically resolved by the supreme court and was not inconsistent with the mandate. The mandate left open the opportunity for the plaintiffs to pursue contract and warranty claims. The opinion itself suggested that this option was available as a remedy to the plaintiffs.

¶ 16.   It can be reasonably inferred from the language of the supreme court's opinion that it was suggesting this avenue to the plaintiffs *if they chose to pursue it. See Tietsworth*, 270 Wis. 2d 146, ¶¶ 36, 37. The supreme court was under no obligation to discuss contract or warranty claims as that was not a subject of the order on appeal. Nevertheless, the supreme court elected to specifically advise that these remedies were available. *See id.*

¶ 17.   Harley-Davidson argues that if the supreme court wanted to permit Tietsworth an opportunity to amend its complaint to add contract and warranty claims on remand, it would have specifically directed such action or remanded for "further proceedings." We disagree. The supreme court cannot order a party to file an amended complaint asserting additional theories of liability. The supreme court cannot make that decision for a plaintiff. Thus, the supreme court was not in a position to include such language in its remand.

¶ 18. The language it did include, however, provided sufficient guidance to Tietsworth that if it so chose to pursue contract and warranty claims against Harley, it was permitted to do so. *See id.* Wisconsin Stat. § 808.08(3) permits a party to move for further proceedings consistent with the supreme court's ruling within one year from the date of the remittitur. Tietsworth moved to reopen this case and amend its complaint well within the one-year window.

¶ 19. Harley-Davidson, citing *Sutter v. State,* 69 Wis. 2d 709, 233 N.W.2d 391 (1975), argues that the remand should have resulted in the end of litigation in this matter: "It is desirable that litigation come to an end." *Id.* at 716. We acknowledge the importance of this principle. Nevertheless, the instant case is distinguishable from *Sutter,* wherein the "controversy [w]as . . . fully tried upon the merits and the rights of the parties conclusively determined." *Id.* The same cannot be said for this case, which has never proceeded past a complaint, dismissal, and seemingly unending appellate proceedings.

¶ 20. Based on the foregoing, we conclude the trial court retained authority to grant Tietsworth's motion and, in fact, should have granted the motion to reopen. The trial court, therefore, erred in denying the motion and its order is hereby reversed.

*B. Motion to Amend.*

¶ 21. Tietsworth also requests that we reverse the trial court with respect to the motion to amend the complaint. Harley-Davidson responds that justice does not require such amendment. We disagree.

690

¶ 22. WISCONSIN STAT. § 802.09(1) provides that leave to amend a pleading "shall be freely given at any stage of the action when justice so requires." Here, we conclude that justice does require the amendment. At the time that Tietsworth filed the tort claims, the law was unclear as to whether those claims were viable under the dictates of the economic loss doctrine. The supreme court clarified the law in this area in its decision in that case. *Tietsworth*, 270 Wis. 2d 146, ¶¶ 36, 37. The supreme court specifically stated that the economic loss doctrine would not bar Tietsworth's contract and warranty claims against Harley-Davidson. *Id.*

¶ 23. Here, too, the amended complaint claims arise out of the same transaction or set of facts. *See Wussow v. Commercial Mechanisms, Inc.*, 97 Wis. 2d 136, 293 N.W.2d 897 (1980). In *Wussow*, the supreme court allowed amendment of the complaint to add a punitive damages claim, *after* the parties had settled the question of compensatory damages. *Id.* at 145. "As long as the amendment arises out of the same transaction, a judge may permit the amendment if 'in furtherance of justice and upon such terms as may be just.' " *Id.* (citation omitted).

¶ 24. Here, we conclude that, based on the language of the supreme court's decision remanding this matter to the trial court, justice requires that the trial court allow Tietsworth to file the amended complaint asserting the contract/warranty claims and proceed to litigate the merits of those claims. There is no dispute that the amended complaint arises out of the same transaction or set of facts. There is no dispute that Harley-Davidson is well aware of the transactions at issue here and what Tietsworth's claims are. It has

691

known since the date of the supreme court's decision in this case, March 26, 2004, that these claims exist and that the highest court in this state concluded that Tietsworth is entitled to pursue them. Thus, we conclude that the trial court should have permitted the amendment " 'so as to remove the technical obstacles to a litigation of the merits of the controversy.' " *Gustavson v. O'Brien*, 87 Wis. 2d 193, 205, 274 N.W.2d 627 (1979) (citation omitted).

¶ 25. In sum, we conclude that the trial court erred in denying Tietsworth's motion seeking to reopen the matter, and that the trial court erred in denying Tietsworth's motion to file an amended complaint. We reverse the trial court's order and remand with specific directions that the trial court enter an order allowing Tietsworth to file the second amended complaint asserting the claims recognized by the supreme court in its March 26, 2004 decision.

*By the Court.*—Order reversed and cause remanded with directions.