Erwin C. RAASCH, Randall B. Schopf, King T. Monaghan, Cornelius Mirr, Joseph C. Kulakowski, Thomas L. Piorier, George Wickboldt, James Karbouski, Donald C. Rode, Daniel A. Zaharias, Robert L. Singer, Thaddeus J. Golos, Frank M. Arndt, Thomas F. Brennand, Robert Filut, John R. Torpy, Thomas J. Templin, William Voeltner, Paul Helminiak, Noel E. Nogalski, Jose R. Calballero, Clifford W. Bertling, Lawrence W. Lee, Donald J. Pluta, George Rejman, John P. McClintock, Thomas A. Davey, Jr., James H. Greeley, Edward B. Juul, James H. Radke, Charles L. Zacharias, Darrell Smerz, Daniel D. Tetzlaff, David Howard, Richard Kolo, Lyle A. Lance, Thomas O. Klatt, Bonita Buetow, Phyllis P. Pluskota, Michael R. Horbinski, Sr., Georgianna Czaplewski, Donald F. Ponik, Gladys M. Koller, Donald G. Gigante, Joseph A. Vitucci, Ervin L. Pieterzak, Richard L. Szentes, Richard Kraft, James G. Werner, Dwayne K. Kolterman, Donald Horn, Erwin Boehme, Walter R. Radke, Bernard F. Gosh, Robert F. Krejci, Richard A. Lueders, Donald J. Mazur, James R. Dombrowski, Kenneth A. Holdmann, Elaine Ballering, John O. Klug, Raymond G. Gaffke, Marcella A. Stachowiak, Gale LeFebvre, Louise Flood, John J. Heck, Gerald J. Kass, Donna J. Kegel, Robert J. Lyman, Nick Vasiljevich and James Flynn, Plaintiffs-Appellants,†

† Petition to review denied 6/10/08.

230

James FRANKEN, Joyce M. Ulatowski, Wendy S. Strande, Gerald J. Helfenstein, Russell K. Ewert and Charles B. Lindsey, Plaintiffs,

v.

CITY OF MILWAUKEE and Milwaukee Employes' Retirement System Annuity and Pension Board, Defendants-Respondents.

Robert J. PULS, Thomas E. Repischak, Robert Thode, David R. Schildt, John E. Dunn, James A. Marx, Tom Milkowski, Paul M. Wroblewski, Patrick Ellis, Michael Bartlett, Allan J. Miller, Rollie Axt, John K. Blakney, Tom Kondrakiewicz, Ralph J. Gull, Kenneth J. Elias, Pamela Hansen, Jerry J. Backes, Paul Udvare, Richard Derse, Kenneth J. Majewski, Thomas P. Schultz, Jerome R. Fuhrman, Stephen R. Gabb, Mark G. Morawetz, Charles M. Dirnbauer, Thomas E. Hacker, Michael C. Geboy, Michael P. Flynn, Thomas J. Kamoske, Donald E. Kuehn, Charles K. Myers, Ronald H. Saffert, William J. Lowe, Earl W. Ridgway, William R. Bartel, Gary T. Marks, Milton C. Reich, Edward A. Connelly and Joseph W. Kristian, Jr., Plaintiffs-Appellants,†

Ralph L. SAYERS, Jr., Marvin J. Palk, John R. Wachniak and Frederick Galbrecht, Plaintiffs,

† Petition to review filed.

v.

CITY OF MILWAUKEE and Milwaukee Employes'
Retirement System Annuity and Pension Board,
Defendants-Respondents.

Court of Appeals

*No. 2007AP357. Submitted on briefs January 2, 2008.
—Decided March 18, 2008.*

2008 WI App 54

(Also reported in 750 N.W.2d 492.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Donald Roy Fraker* of *Fraker Law Firm, S.C.*, Mequon.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Grant F. Langley*, city attorney and *Maurita Houren*, assistant city attorney, Milwaukee.

Before Fine, Snyder and Kessler, JJ.

¶ 1. FINE, J. One-hundred and eleven plaintiffs in Milwaukee County circuit-court consolidated cases 2004-CV-8584 and 2004-CV-8585 appeal the circuit court's dismissal on summary judgment of their complaints. Ten plaintiffs have not appealed.

¶ 2. Appellants are either City of Milwaukee police officers or City of Milwaukee firefighters who claim to be entitled to disability benefits granted to other Milwaukee police and firefighters by our decisions in *Welter v. City of Milwaukee*, 214 Wis. 2d 485, 571 N.W.2d 459 (Ct. App. 1997), and *Rehrauer v. City of Milwaukee*,

2001 WI App 151, 246 Wis. 2d 863, 631 N.W.2d 644. The circuit court held that the appellants' claims were barred by claim-preclusion principles. It also, in a passing reference, determined that releases signed by all but two of the appellants as part of a settlement with the City were not ambiguous. Finally, it denied the appellants' motion to amend their complaint. As we note below, our review of the circuit court's decision on summary judgment is *de novo.* Moreover, we may affirm the circuit court for any reason. *See State v. Holt,* 128 Wis. 2d 110, 124, 382 N.W.2d 679, 687 (Ct. App. 1985). Accordingly, we affirm without addressing the complexities of claim-preclusion as it may apply to the appellants. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed); *State v. Blalock,* 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989) (cases should be decided on the "narrowest possible ground").

## I.

¶ 3. *Welter* determined that Milwaukee police officers had vested rights in connection with disability benefits that could not be modified without their consent. *Welter,* 214 Wis. 2d at 489–496, 571 N.W.2d at 462–465. *Rehrauer* held that the *Welter* analysis gave to Milwaukee firefighters the most favorable disability benefits that were in effect during any of the years of their service, not, as the circuit court had ruled, just the benefits in effect when they were hired. *Rehrauer,* 2001 WI App 151, ¶¶ 11–20, 246 Wis. 2d at 873–877, 631 N.W.2d at 648–650. A Milwaukee circuit-court case involving police officers that was a companion to the circuit-court *Rehrauer* action, *DeBraska v. City of Milwaukee,* No. 98-CV-6533 (Wis. Cir. Ct. Milwaukee County Sept. 15, 1999), also upheld the City's conten-

tion that the officers were limited to the more favorable of either disability benefits that were in effect when they were hired or when they were granted a duty disability retirement allowance. *See Rehrauer*, 2001 WI App 151, ¶¶ 3–4, 246 Wis. 2d at 867–868, 631 N.W.2d at 645–646.

¶ 4. Not all the plaintiffs in the *Rehrauer* circuit-court action appealed the circuit court's decision adverse to them, and none of the *DeBraska* plaintiffs appealed. Further, no police officer adversely affected by *DeBraska* sought to intervene in the *Rehrauer* appeal. This is the genesis of not only this action, but also of our unpublished decision in *Rehrauer v. City of Milwaukee*, No. 2004AP2596, 2005 WL 3543633 (WI App Dec. 29, 2005). For ease of reference, we refer to our published decision in *Rehrauer* as *Rehrauer I*, and our unpublished *Rehrauer* decision as *Rehrauer II*. *Rehrauer II* affirmed a circuit-court order denying a request under WIS. STAT. RULE 806.07 by those who had not appealed the circuit-court order in *Rehrauer I* to relieve them from that order. *Rehrauer II*, 2005 WL 3543633.

¶ 5. As material to our decision, the appellants in this case fall into two main groups:

(1) Those police officers and firefighters who signed releases giving up their right to sue the City in connection with the matters encompassed by the circuit-court decisions in *DeBraska* and *Rehrauer I*. All of the police-officer appellants and all but two of the firefighter appellants, Lawrence W. Lee and Donald J. Pluta, are within this group.

(2) Lee and Pluta who, although they did not sign the releases, were plaintiffs in the *Rehrauer I* circuit-court action but did not appeal the circuit court's ruling

adverse to them.[1] They did, however, unsuccessfully seek in *Rehrauer II* to be relieved of the circuit-court order in *Rehrauer I*.

The operative part of the release provides:

> For and in consideration of the adoption of the attached charter ordinance and other good and valuable consideration as specified in a settlement agreement between the consenting parties in *Bradley De-Braska, et al. v. City of Milwaukee, et al.,* Circuit Court Case No. 98–CV-006533, *Dunn v. City of Milwaukee, et al.,* Circuit Court Case No. 95–CV-011125, *Rehrauer, et al. v. City of Milwaukee, et al.,* Circuit Court Case No. 98–CV-007745, and *Elias v. City of Milwaukee,* Circuit Court Case No. 97–CV-000973, the undersigned does for themselves, their heirs, executors and administrators forever release and discharge the City of Milwaukee, the Milwaukee Employes' [*sic*] Retirement System/Annuity and Pension Board of the City of Milwaukee and their officers, agents, and employees from any and all claims, demands, actions and causes of action, both at law and in equity, of any kind or nature whatsoever and any and all liability whatsoever, including liability for attorney fees and costs, if any, in any way growing out of the imposition of a conversion age under s. 36–05–3-c of the Milwaukee City Charter or Charter Ordinance, Substitute 2, Common Council File No. 980130.

Each release also has the following sentence before the signature line for the person accepting the settlement and granting the release: "The foregoing release has been read and understood by the undersigned before signing thereof."

---

[1] Lee had appealed but, as phrased by his affidavit submitted in opposition to the City's motion for summary judgment, "dropped out of" the *Rehrauer I* appeal.

## II.

¶ 6. As noted, the merits of this case were decided on summary judgment. Thus, our review is *de novo. See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–317, 401 N.W.2d 816, 820–821 (1987). Summary judgment must be granted when there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. WIS. STAT. RULE 802.08(2). Further, releases are contracts and are interpreted and applied as such. *Peiffer v. Allstate Ins. Co.*, 51 Wis. 2d 329, 336, 187 N.W.2d 182, 185 (1971). Our review of a circuit court's interpretation of a contract is also *de novo. Teacher Ret. Sys. of Texas v. Badger XVI Ltd. P'ship*, 205 Wis. 2d 532, 555, 556 N.W.2d 415, 424 (Ct. App. 1996).

### A. *The Releases.*

¶ 7. The clear language of the releases signed by all but two of the appellants leaves no wiggle-room; the signers acknowledged that they were giving up significant rights—the right to sue the City in connection with the disability benefits at issue in the *DeBraska* and *Rehrauer I* circuit-court cases. In an attempt to defeat what the releases clearly say, the appellants make three undeveloped passing contentions: (1) that the circuit court did not have to reach the question of whether the releases were ambiguous because it determined that claim-preclusion barred the appellants' actions and thus, as phrased in its brief-in-chief on this appeal, "the Trial Court's statement should not carry any precedential value"; (2) that the releases *could have* been drafted differently; and (3) that the appellants were forced to

sign the releases on pain of foregoing the benefits of the settlement referenced in those releases.

¶ 8. As to the appellants' first contention, our review here is, as we have already explained, *de novo.* Further, although circuit-court opinions may be persuasive because of their reasoning, they are *never* "precedential." *Kuhn v. Allstate Ins. Co.,* 181 Wis. 2d 453, 468, 510 N.W.2d 826, 832 (Ct. App. 1993), *aff'd,* 193 Wis. 2d 50, 532 N.W.2d 124 (1995). As to the appellants' second contention, whether the releases could have been drafted differently is not the issue; the issue is whether they are clear. As to their third contention, appellants' "duress" argument is not developed and they do not show why these releases are any different than the run-of-the-mine release signed upon settlement of any litigation. Although we would be justified in rejecting outright appellants' undeveloped arguments in connection with the releases, *see Vesely v. Security First Nat'l Bank of Sheboygan Trust Dep't,* 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593, 598 n.5 (Ct. App. 1985) (appellate court need not address arguments that are inadequately developed), we will exercise our discretion and assess the appellants' contentions that the releases should be ignored.

¶ 9. There are two affidavits in the Record submitted to the circuit court by the appellants in opposition to the City's motion for summary judgment that address the releases' validity. The affidavits, executed by appellants King T. Monaghan and Robert J. Puls, aver that they were not aware of the settlements referenced in the releases "[u]ntil after the commencement of this lawsuit." Additionally, there is in the Record an affidavit that the parties agree is representative of nineteen affidavits submitted to the circuit

240

court in *Rehrauer II* by the plaintiffs in *Rehrauer I* who did not appeal. The affiant in that representative affidavit asserts that the settlement referenced in the release was the *quid pro quo* for her decision to not appeal the circuit-court order in *Rehrauer I*. None of this defeats the releases' validity.

¶ 10. First, as to the contention that some of the appellants were not aware of the settlements referenced by the releases when they signed the releases, either not reading a contract or not being aware of its unambiguous terms does not relieve a party from being bound by a contract he or she has signed. *Hennig v. Ahearn*, 230 Wis. 2d 149, 156, 601 N.W.2d 14, 18 (Ct. App. 1999) ("[T]he general rule is that a party who signs a contract after a fair opportunity to read the contract is bound by its terms."). Simply put, if any of the appellants were unsure of the terms of the settlement in return for which they were giving up substantial rights, they were under a duty to find out.

¶ 11. Second, as the circuit court recognized, the releases here *are* clear.

> The language of a contract must be understood to mean what it clearly expresses. A court may not depart from the plain meaning of a contract where it is free from ambiguity. In construing the terms of a contract, where the terms are plain and unambiguous, it is the duty of the court to construe it as it stands, even though the parties may have placed a different construction on it.

*Cernohorsky v. Northern Liquid Gas Co.*, 268 Wis. 586, 592–593, 68 N.W.2d 429, 433 (1955) (citations omitted). As we have already pointed out, if any of those who

signed those releases had doubts as to the benefits they were getting in return for their relinquishing their rights to contest their entitlement to enhanced disability benefits that were sought in the *DeBraska* and *Rehrauer I* circuit-court cases referenced in the releases, they should have made further inquiry before they signed. Retrospective buyer's remorse is not a legitimate basis to relieve a party from the terms of a clear contract that he or she has signed. *See Rent-A-Center, Inc. v. Hall*, 181 Wis. 2d 243, 249 n.5, 510 N.W.2d 789, 792 n.5 (Ct. App. 1993) ("It is the 'firmly fixed' law in this state that, absent fraud, a person may not avoid the clear terms of a signed contract by claiming that he or she did not read or understand the contract.").

¶ 12. Third, as we have seen, waiving their right to appeal was the *quid pro quo,* as expressed by the release, the "consideration," for the benefits the appellants received under the settlement—the proverbial bird in the hand (something sure now) versus two birds in the bush (an unsure chance to get something more). Despite the appellants' rhetoric, this is hardly "duress" that makes the releases unenforceable. Although fraud can vitiate the enforceability of a contract that is otherwise clear on its face, *ibid.*, appellants have presented no evidentiary material that even raises a colorable issue of fact that the City perpetrated a fraud upon them. *See* Wis. Stat. Rule 802.08(3) (party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial"); *Transportation Ins. Co. v. Hunzinger Constr. Co.*, 179 Wis. 2d 281, 291, 507 N.W.2d 136, 139 (Ct. App. 1993) (party opposing summary judgment must set out "evidentiary material showing a triable issue of fact").

¶ 13. Those who waived their rights by signing the releases are bound by the waiver. Accordingly, on our *de novo* review, we affirm the circuit court's dismissal of the complaints as to those appellants.

B. *Lee and Pluta.*

¶ 14. As we have seen, Lee and Pluta did not sign the releases. They were, however, plaintiffs in the circuit-court action in *Rehrauer I*. They did not appeal the *Rehrauer I* circuit court's dismissal of their claims, but, rather sought relief in *Rehrauer II* under Wis. STAT. RULE 806.07, as they do here. Passing whether claim-preclusion bars them from re-litigating here what they lost in *Rehrauer II*, *see Gross*, 227 Wis. at 300, 277 N.W. at 665 (only dispositive issue need be addressed); *Blalock*, 150 Wis. 2d at 703, 442 N.W.2d at 520 (cases should be decided on the "narrowest possible ground"), they are bound by the circuit-court order in *Rehrauer I* because they did not appeal it. *See Ackermann v. United States*, 340 U.S. 193, 198 (1950) (A "considered choice not to appeal" is binding even though "hindsight seems to indicate to him that his decision not to appeal was probably wrong.") (interpreting Rule 60(b) of the Federal Rules of Civil Procedure on which RULE 806.07 is based, *State ex rel. M.L.B. v. D.G.H.*, 122 Wis. 2d 536, 542 n.5, 363 N.W.2d 419, 422 n.5 (1985)).

¶ 15. *Ackermann* concerned three naturalized residents of the United States whose naturalization the government sought to cancel and whom the government sought to deport: Hans Ackermann, his wife, Frieda Ackermann, and Mrs. Ackermann's brother, Max Keilbar. *Id.*, 340 U.S. at 195. All three challenged the government's complaints against them, and the district court agreed with the government. *Ibid.* Only

Keilbar appealed, and he prevailed on a stipulated reversal. *Ibid.* The Ackermanns then sought relief under Rule 60(b), contending that they did not have the money to appeal without sacrificing their home and, in addition, that they relied on the advice of an Assistant Commissioner for Alien Control of the Department of Immigration and Naturalization, in whose custody they were being held. *Id.*, 340 U.S. at 196. According to the Ackermanns, the assistant commissioner advised them to " 'hang on to their home,' " and also told them that they would be released from custody at the end of the war. *Ibid.*

¶ 16. As we have seen, *Ackermann* determined that a party who does not appeal an adverse lower court decision is not entitled to the result gotten by those who *did* appeal successfully. *Ackermann's* rationale applies here. *See Nelson v. Taff*, 175 Wis. 2d 178, 187, 499 N.W.2d 685, 689 (Ct. App. 1993) ("For assistance in construction of sec. 806.07, Stats., we may refer to federal cases interpreting Rule 60(b) of the Federal Rules of Civil Procedure."). Also, this case does not fall within the narrow exception to the law-of-the-case doctrine explained by *Mullen v. Coolong*, 153 Wis. 2d 401, 451 N.W.2d 412 (1990). There, the party aggrieved by the lower court decision *did* appeal but unusual circumstances deprived her of the fruits of that appeal. *Id.*, 153 Wis. 2d at 403–404, 451 N.W.2d at 413.

¶ 17. *Mullen* concerned a motorist who sought to collect under her uninsured-motorist policy. *Id.*, 153 Wis. 2d at 403, 451 N.W.2d at 412. The insurance company applied a reducing clause, and the circuit court ruled in favor of the motorist. *Id.*, 153 Wis. 2d at 403, 451 N.W.2d at 412–413. We reversed and the supreme court denied review. *Id.*, 153 Wis. 2d at 403–404, 451 N.W.2d at 413. When it denied review in *Mullen*, however, the

supreme court already had pending before it a case involving the same reducing-clause issue. *Ibid.* The supreme court reversed in that other reducing-clause case, in effect upholding the contention that Mullen had sought to raise in her petition for review. *Id.*, 153 Wis. 2d at 404–405, 451 N.W.2d at 413.

¶ 18. In the meantime, Mullen settled her dispute with her insurance company. *Id.*, 153 Wis. 2d at 405, 451 N.W.2d at 413. As soon as the supreme court issued its decision in the other case, however, Mullen went back to the circuit court and sought to reopen and vacate the settlement in order to take advantage of the new supreme court decision. *Ibid.* The circuit court granted Mullen relief but we reversed. *Ibid.* The supreme court, however, reversed us, holding that under the unusual circumstances in that case Mullen was entitled to relief under WIS. STAT. RULE 806.07(1)(h) because she was, as the circuit court expressed it, " 'a victim of circumstances,' " pointing out that it had "reached the precise result Mullen advocated in her petition for review in *Mullen I*." *Id.*, 153 Wis. 2d at 408, 451 N.W.2d at 414.

¶ 19. Unlike Mullen, who had tried to preserve her reducing-clause contention by seeking review by the supreme court, the appellants here who did not appeal *Rehrauer I* abandoned any argument that the circuit court in that case was wrong. As *Ackermann* reminds us: "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Id.*, 340 U.S. at 198. Accordingly, on our *de novo* review, we affirm the circuit court's dismissal of the complaints as to Lee and Pluta.[2]

---

[2] As we have seen in footnote 1, Lee did appeal from the circuit-court order in *Rehrauer I*, but withdrew. This does not

## C. *Motion to Amend Complaint.*

¶ 20. After expiration of the deadline set by the scheduling order to amend their complaints, appellants sought to amend. As we have seen, the circuit court denied the motion.

¶ 21. Appellants' proposed amended complaint made clear that they were challenging the validity of the releases, and added claims that the releases "violated Plaintiffs' constitutional, statutory, and contractual rights—including their rights to equal protection, their rights to due process, and their rights not to have their property taken for private use and not to have their property taken for public use without receiving just compensation." The proposed amended complaint also alleged that the Milwaukee Employes' [*sic*] Retirement System Annuity and Pension Board violated its fiduciary duty to the plaintiffs who signed the releases by not trying to dissuade them from doing so.

¶ 22. An appellate court "will not reverse the trial court's determination on a motion to amend unless there has been a manifest abuse of discretion." *Leciejewski v. Sedlak*, 116 Wis. 2d 629, 643, 342 N.W.2d 734, 741 (1984). We give the appellants the benefit of the doubt that, contrary to the circuit court's assessment that they were trying to withdraw language in the original complaints "that impl[ies] the releases are valid" and replace it "with language that implies the releases are not valid because they violate plaintiffs' Constitutional, statutory and contractual rights," the

change things. *See State v. Lee*, 197 Wis. 2d 959, 968, 542 N.W.2d 143, 146 (1996) ("An appellant who voluntarily dismisses an appeal is returned to the position occupied prior to appeal and is bound by the order or judgment appealed from.").

appellants' original complaints could be read as challenging the validity of the releases. Nevertheless, we agree with the circuit court that adding these new legal theories did not justify the amendment, especially where, as here, appellants can point to no prejudice because neither of their briefs on this appeal analyzes how they could have possibly prevailed on summary judgment under the new theories. Indeed, as we have already explained, appellants' argument on the alleged invalidity of the releases is wholly undeveloped and does not address the "Constitutional, statutory, and contractual rights" allegations they sought to raise in the proposed amended complaint. In light of this, the appellants have not shown a "manifest" erroneous exercise of the circuit court's discretion in denying their motion to amend.[3]

¶ 23. In sum, we affirm the circuit court's dismissal of the appellants' complaints. Although the appellants may be disappointed by the choices they made, or the advice they received, there must ultimately be an end to all litigation. *See Ackermann*, 340 U.S. at 198. Unless the supreme court tells us that we are wrong, this is it for the appellants in connection with the matters encompassed by the circuit-court orders in *DeBraska* and *Rehrauer I*.

*By the Court.*—Judgment affirmed.

---

[3] Thus, any matters raised by the appellants' conditional motion for summary judgment based on the proposed amended complaint are moot, and neither of appellants' briefs develops an argument that it is not.