John "Jack" KOSKY and Dorothy "Dolly" Kosky, Plaintiffs-Appellants,

BLUE CROSS/BLUE SHIELD OF ILLINOIS, Nominal-Plaintiff,

v.

INTERNATIONAL ASSOCIATION OF LIONS CLUBS, individually and d/b/a Lions Clubs International, Lions Club International Foundation, Land O'Lakes Lions Club and Peter Schindelholz, Defendants-Respondents,†

Nicholas KAMIENIECKI, Defendant-Third Party Plaintiff-Respondent,†

v.

Larry MCPARTLIN, Third Party Defendant-Respondent,

SPEILBAUER FIREWORKS COMPANY, INC., Third Party Defendant-Co-Appellant.

Court of Appeals

*No. 96–2532. Oral argument April 9, 1997.—Decided April 29, 1997.*

(Also reported in 565 N.W.2d 260.)

† Petitions to review denied.

464

For the plaintiffs-appellants, the cause was submitted on the briefs of *Jay R. Luchsinger* and *James A. Johnson* of *Johnson, Houlihan, Paulson & Priebe, S.C.* and oral argument of *Jay R. Luchsinger* of Rhinelander. For the third party defendant-co-appellant, the cause was submitted on the briefs of *James O. Moermond, III,* and *Michael Eckert* of *Eckert & Stingl Law Office* and oral argument of *James O. Moermond, III,* of Rhinelander.

For the defendants-respondents the cause was submitted on the brief and oral argument of *Robert A. Kennedy, Jr.* of *Kennedy Law Office* of Crandon.

For the defendant-third party plaintiff-respondent, the cause was submitted on the brief and oral argument of *Dorothy L. Bain* of *Ruder, Ware & Michler, S.C.* of Wausau.

For the third party defendant-respondent, the cause was submitted on the brief and oral argument of *Mark D. Gundrum* of *Kasdorf, Lewis & Swietlik, S.C.* of West Allis.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. John and Dorothy Kosky and Speilbauer Fireworks Company, Inc., appeal a summary judgment dismissing the International Association of Lions Clubs, individually and doing business as the Lions Club International, Lions Club International Foundation, Land O'Lakes Lions Club and Peter Schindelholz (collectively, the Lions Club);

466

Nicholas Kamieniecki, and Larry McPartlin from the Koskys' lawsuit on the grounds of recreational immunity, pursuant to § 895.52, STATS. The Koskys argue that the extra-hazardous activity of detonating explosive fireworks is not a recreational activity protected by § 895.52 and, also, that John Kosky was not engaged in a recreational activity at the time of his injury. Speilbauer argues that § 895.52 is inapplicable because Kosky was not engaged in a recreational activity, the Lions Club was not an owner or occupier of the land, and its members' alleged negligent conduct was not related to the condition or maintenance of the property.

McPartlin argues he and the respondents were landowners, Kosky's injury need not be related to the condition or maintenance of the land for immunity to attach and Kosky was engaged in a recreational activity. Kamieniecki asserts that he was a landowner, a public fireworks display is a recreational activity and not an inherently dangerous or extra-hazardous activity to which the statute does not apply, and that Kosky's participation in the fireworks display was a recreational activity.

The Lions Club asserts it was the owner of the property, displaying the fireworks was a recreational activity, Kosky was engaged in a recreational activity substantially similar to sightseeing, Kosky was celebrating a Fourth of July tradition with the spectators, the Lions Club's fireworks permit does not subject it to absolute liability, properly used fireworks are neither ultra-hazardous nor explosive devices pursuant to administrative code provisions, the legislature did not intend to preclude immunity for injuries from explosives, an injured person's owner status does not interfere with his or her recreational immunity, the

467

launching team was engaged in the celebration by historical definition and also because there was no profit motive, and alternative grounds exist for dismissal.[1]

We conclude that § 895.52, STATS., does not bar the Koskys' lawsuit because the allegedly negligent conduct of the Lions Club and/or its agents was not related to the condition or maintenance of the land. Therefore, summary judgment was inappropriate, and we reverse and remand for further proceedings.[2]

The facts are not disputed on appeal. On July 4, 1991, John Kosky assisted the Land O'Lakes Lions

[1] The Koskys filed lawsuits against the defendants in Illinois and Wisconsin. On June 17, 1993, the Koskys filed a lawsuit against Speilbauer and the other defendants in the circuit court of Cook County, Illinois. The case was dismissed on February 3, 1995, and final disposition occurred after February 9, 1995. On July 1, 1994, the Koskys' lawsuit filed in Vilas County was subsequently dismissed because plaintiffs did not achieve service on Speilbauer. The suit filed by the Koskys on February 9, 1995, in Vilas County has resulted in this appeal.

The Lions Club contends in its brief that the Koskys' lawsuit can be dismissed on statute of limitations grounds. This argument is without merit because the Illinois lawsuit tolled the three-year Wisconsin statute of limitations between June 17, 1993 and at least February 9, 1995, when the Koskys commenced this case in a timely fashion. See § 893.15 , STATS. The Lions Club also asserts that this case is barred by the principles of res judicata. Because the Koskys' case was previously dismissed on procedural grounds before the merits were ever reached or adjudicated, res judicata does not apply. See State ex rel. B.S.L. v. Lee, 115 Wis. 2d 615, 619–20, 340 N.W.2d 568, 570 (Ct. App. 1983).

[2] We acknowledge, but do not address, every argument raised on appeal with regard to whether Kosky was engaged in a recreational activity. We address only the dispositive issue in this case.

Club with a fireworks display. The fireworks display was part of Land O'Lakes' annual Fourth of July festivities, including a flag raising ceremony, parade and picnic. The club, a nonprofit organization, had a fireworks permit and oral permission from the town of Land O'Lakes to use the town's property for the fireworks display. Kosky was not paid for his services. He had assisted the club with its fireworks display in 1990 and had assisted for years in fireworks displays at a local resort.

Before the display, Kosky and other members of the team met with Peter Schindelholz, Land O'Lakes Lions Club's supervisor in charge of the fireworks detonation. Schindelholz distributed the fireworks, flares, and firing tubes to be used by the team members, and instructed them regarding the fireworks detonations. He also instructed them how to clean out the firing tubes after each detonation, and gave Kosky a "stick with protruding nails" and instructed Kosky to use it to stick into the tubes in order to clean them out after each detonation. Kosky, Larry McPartlin and Nicholas Kamieniecki were a three-person team during the display. Kosky's job was to clean the firing tubes. As Kosky cleaned a firing tube during the fireworks detonations, as instructed, an explosion occurred in the tube and caused severe and permanent injury to his hands.

John and Dorothy Kosky filed a lawsuit against International Association of Lions Clubs, Land O'Lakes Lions Club, the Club's agents Schindelholz, Kamieniecki and McPartlin, and Speilbauer. The trial court granted summary judgment to all defendants but Speilbauer on grounds of recreational immunity, pursuant to § 895.52, STATS. The Koskys and Speilbauer appeal the summary judgment.

469

We review summary judgments de novo, without deference to the trial court. *See Universal Die & Stampings, Inc. v. Justus*, 174 Wis. 2d 556, 560, 497 N.W.2d 797, 799 (Ct. App. 1993). Summary judgment "shall be rendered if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Section 802.08(2), STATS. We will reverse the trial court if we determine the trial court incorrectly decided a legal issue. *Millers Nat'l Ins. Co. v. City of Milwaukee*, 184 Wis. 2d 155, 164, 516 N.W.2d 376, 378 (1994). Whether § 895.52, STATS., bars the Koskys' lawsuit is a question of law that we review de novo. *See Sievert v. American Family Mut. Ins. Co.*, 190 Wis. 2d 623, 628, 528 N.W.2d 413, 415 (1995).

The issue presented is whether the recreational immunity statute, § 895.52, STATS., bars Kosky's lawsuit against all of the defendants but Speilbauer. In order for the recreational immunity statute to apply, the injury must have been sustained while Kosky was engaged in a recreational activity.[3] The recreational immunity statute provides in relevant part:

---

[3] For § 895.52, STATS., to apply, the Lions Club must also be a landowner. The statute defines "owner" to include a nonprofit organization that "owns, leases or occupies property." In addition, a club holding an event on municipal land is treated as a landowner for purposes of the recreational immunity statute. *Lee v. Elk Rod & Gun Club, Inc.*, 164 Wis. 2d 103, 107, 473 N.W.2d 581, 583 (Ct. App. 1991). We conclude the Lions Club and its agents were landowners for purposes of § 895.52, STATS., because the Lions Club and its agents occupied the Town of Land O'Lakes' land with the town's consent during the fireworks display.

**895.52 Recreational activities; limitation of property owners' liability. (1)** DEFINITIONS. In this section:

. . . .

(g) "Recreational activity" means any outdoor activity undertaken for the purpose of exercise, relaxation or pleasure, including practice or instruction in any such activity. "Recreational activity" includes, but is not limited to, hunting, fishing, trapping, camping, picnicking, exploring caves, nature study, bicycling, horseback riding, bird-watching, motorcycling, operating an all-terrain vehicle, ballooning, hang gliding, hiking, tobogganing, sledding, sleigh riding, snowmobiling, skiing, skating, water sports, sight-seeing, rock-climbing, cutting or removing wood, climbing observation towers, animal training, harvesting the products of nature and any other outdoor sport, game or educational activity, but does not include any organized team sport activity sponsored by the owner of the property on which the activity takes place.

. . . .

**(2)** NO DUTY; IMMUNITY FROM LIABILITY. (a) Except as provided in subs. (3) to (6), no owner and no officer, employe or agent of an owner owes to any person who enters the owner's property to engage in a recreational activity:

1. A duty to keep the property safe for recreational activities.

2. A duty to inspect the property . . . .

3. A duty to give warning of an unsafe condition, use or activity on the property.

(b) Except as provided in subs. (3) to (6), no owner and no officer, employe or agent of an owner is liable for the death of, any injury to, or any death or injury

471

caused by, a person engaging in a recreational activity on the owner's property . . . .

The statute provides three definitions of recreational activity: "any outdoor activity undertaken for the purpose of exercise, relaxation or pleasure," the twenty-eight specific activities listed, and "any other outdoor sport, game or educational activity." *Sievert,* 190 Wis. 2d at 629, 528 N.W.2d at 415.

■

If we were to apply the first definition of "any outdoor activity undertaken for the purpose of exercise, relaxation or pleasure" in isolation from the remainder of § 895.52, STATS., the statute's reach over outdoor activities would be nearly limitless. *Sievert,* 190 Wis. 2d at 629, 528 N.W.2d at 415. "Thus it cannot be isolated from the balance of the definition. It must be anchored to its statutory context and construed in light of the statute's list of specific recreational activities as well as the second broad definition." *Id.* Kosky's activity of cleaning firing tubes to assist in the production of a fireworks display is neither a statutorily enumerated activity nor "any other outdoor sport, game or educational activity." However, our analysis does not end there.

To reach the intended definition of recreational activity, we must consider the statute's purpose, as intended by the legislature:

> **Legislative intent.** The legislature intends by this act to limit the liability of property owners toward others who use their property for recreational activities under circumstances in which the owner does not derive more than a minimal pecuniary benefit. *While it is not possible to specify in a statute every activity which might constitute a recreational activ-*

*ity, this act provides examples of the kinds of activities that are meant to be included, and the legislature intends that, where substantially similar circumstances or activities exist, this legislation should be liberally construed in favor of property owners to protect them from liability.*

1983 Wis. Act 418, § 1 (emphasis added). The Lions Club argues that Kosky was engaged in a recreational activity substantially similar to sightseeing.

In *Linville v. City of Janesville*, 184 Wis. 2d 705, 516 N.W.2d 427 (1994), our supreme court adopted and applied the following test that "considers the purpose and nature of the activity in addition to the [property] user's intent" to determine whether a person is engaged in recreational activity substantially similar to an enumerated activity or occurring in circumstances substantially similar to an enumerated activity:

> The test requires examination of all aspects of the activity. The intrinsic nature, purpose and consequence of the activity are relevant. While the injured person's subjective assessment of the activity is relevant, it is not controlling. Thus, whether the injured person intended to recreate is not dispositive, but why he was on the property is pertinent.

*Id.* at 716, 516 N.W.2d at 429 (quoting *Linville v. City of Janesville*, 174 Wis. 2d 571, 579–80, 497 N.W.2d 465, 469 (Ct. App. 1993) (citations omitted)). The land user's subjective intent is not dispositive in determining whether the user engages in a recreational activity pursuant to § 895.52, STATS., because such a rule

> would contravene the goal of the statute: persons hurt while using the land would defend against rec-

reational immunity by claiming he or she had no intent to "recreate." In turn, landowners would feel more susceptible to litigation and thus less likely to open their lands for recreation. Such a result would also force landowners to litigation to defend an action when the legislature intended to grant them immunity.

*Linville,* 184 Wis. 2d at 715–16, 516 N.W.2d at 430.

We reject the Koskys' argument that the detonation of fireworks cannot be a recreational activity covered by the statute because it is an inherently dangerous, extra-hazardous activity. Even if we assume that fireworks detonation is inherently dangerous and ultra-hazardous, we note that many of the enumerated activities, including hunting, motorcycling, operating an all-terrain vehicle, hang gliding, and rock-climbing, are arguably just as inherently dangerous and extra-hazardous. Nevertheless, the legislature expressly included these activities in the statute.

However, our consideration of the nature, purpose and consequence of Kosky's activity, pursuant to the *Linville* test, leaves us with grave doubts that Kosky was engaged in a recreational activity or an activity or circumstance substantially similar to sightseeing when he was injured. His activity was to clean firing tubes during a Fourth of July fireworks display. His purpose was to assist in the detonation of the fireworks, and the consequence of his participation was the production of the fireworks display for the spectators. Although not controlling, his subjective intent was to work.

The essence of the respondents' argument is that Land O'Lakes' Fourth of July celebration, including putting on the fireworks display, was recreational in

nature and, therefore, Kosky's participation in the display constituted a recreational activity. Their analysis of what constitutes a recreational activity focuses almost exclusively on the "big picture" and the "community flavor"[4] of the event taking place when the injury occurred. As a result, their interpretation of the statute is very broad. For example, when asked at oral argument whether the festival worker who operates a carnival ride and is injured during the course of his or her duties is engaged in a recreational activity, McPartlin and Kamieniecki answered in the affirmative. We do not necessarily agree with their broad interpretation of § 895.52(1), STATS., and are not persuaded that it is appropriate to classify every person involved in a recreational event as subject to recreational immunity.

■

However, even if we assume, without deciding, that Kosky was engaged in a recreational activity, we conclude that recreational immunity does not attach to the landowner when an act of the landowner's officer, employee or agent that is unrelated to the condition or maintenance of the land causes injury to a recreational land user. In *Linville*, our supreme court granted immunity for two drowning deaths to the city in its capacity as owner of the pond in which the drownings occurred, but not in its capacity as employer of the paramedics, in part because the allegedly negligent rescue and medical treatment provided by the paramedics to a victim who later died was not related to the condition or maintenance of the land. *Id.* at 720–21, 516 N.W.2d at 432–33. For example, as noted in *Linville*, recreational immunity covers a municipal-

---

[4] *See Silingo v. Village of Mukwonago*, 156 Wis. 2d 536, 545, 458 N.W.2d 379, 383 (Ct. App. 1990).

ity that negligently hires and improperly trains lifeguards for its public beach in the event of a drowning. *Id.* (citing *Ervin v. City of Kenosha*, 159 Wis. 2d 464, 472–76, 464 N.W.2d 654, 657–59 (1991)). This reference appears to emphasize the fact that the lifeguards' activity was related to the land and, therefore, the recreational immunity statute would apply.

We interpret *Linville* to mean that when considering the allegedly negligent conduct of the landowner's agents, officers or employes that resulted in injury to the plaintiff for purposes of § 895.52, STATS., the focus of the court's attention properly shifts from the land user's activity to the activity of those agents, officers or employes. As explained by the court,

> The benefits of granting immunity, i.e., encouraging landowners to open their lands to the public, comes from immunizing people or municipalities in their capacities as landowners, and the actions of their employees whose employment is directly connected to the land. Extending immunity to landowners for negligently performing in a capacity unrelated to the land or to their employees whose employment activities have nothing to do with the land will not contribute to a landowner's decision to open the land for public use.

*Id.* at 719, 516 N.W.2d at 432.

Here, the activities of the Lions Club and its agents, Schindelholz, McPartlin, and Kamieniecki, were related to setting of temporary firing tubes for explosive fireworks and the establishment of a process relating to the loading and cleaning of said tubes, and to supervise and train workers such as Kosky regarding a dangerous process of loading and cleaning

476

explosive devices. These allegedly negligent activities are neither connected directly to the land nor related to the condition or maintenance of the land. Instead, these activities relate exclusively to the detonation of the fireworks, and do not meet the *Linville* standard.

Our application of *Linville* is consistent with the legislative intent and public policy reasons behind § 895.52, STATS. The legislature recognized "the dramatic shrinkage of the public's access to recreational land in an increasingly crowded world" and enacted the statute to encourage landowners to open their property to the general public for their recreational use. *Taylor v. City of Appleton*, 147 Wis. 2d 644, 646, 433 N.W.2d 293, 294 (Ct. App. 1988). Our decision today does not interfere with this legislative goal because it does not discourage landowners to open their lands to the public. Instead, it simply permits plaintiffs to pursue causes of action against the landowners' officers, agents or employees for their negligent activity that is unrelated to the land.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.