Amy HELD and Chris Rennicke,
Plaintiffs-Appellants,†

v.

ACKERVILLE SNOWMOBILE CLUB, INC.
and General Casualty Company of Wisconsin,
Defendants-Respondents,

AUXIANT-MBA, the third party administrator of
the health care plan for Craft Cast Company,
Inc., Defendant-Appellant.

Court of Appeals

*No. 2006AP914. Submitted on briefs December 19, 2006.
—Decided February 21, 2007.*

2007 WI App 43

(Also reported in 730 N.W.2d 428.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Anthony J. Skemp* of *Domnitz & Skemp, S.C.*, Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Donald H. Piper* and *Jon D. Monson* of *Piper & Schmidt*, Milwaukee.

Before Snyder, P.J., Brown and Anderson, JJ.

¶ 1. SNYDER, P.J. Amy Held and Chris Rennicke appeal from a summary judgment granted in favor of Ackerville Snowmobile Club, Inc. and its insurer General Casualty Company of Wisconsin.[1] Held and Rennicke contend that the circuit court erred when it invoked Wisconsin's recreational immunity statute to bar their claims. We disagree and affirm the judgment of the circuit court.

## BACKGROUND

¶ 2. On January 29, 2005, Held and Rennicke were on a snowmobile traveling eastbound on a dark trail when they collided with an abandoned trail grooming sled, otherwise known as a drag. The collision occurred after dark, at a sharp right curve in the trail. Held was driving the snowmobile and Rennicke was a passenger. Both sustained injuries in the collision. Held in particular suffered a serious injury to her left knee.

¶ 3. The subject trail is approximately ten miles long, runs through private property, and begins and ends at an establishment called Cheryl's Club in Slinger. Ackerville obtains permission to operate the snowmobile trail from all private landowners whose property the trail crosses. When there is adequate snowfall, Ackerville's club members groom the trail. Ackerville uses a vehicle to tow the drag along the trail. On approximately January 23, 2005, their towing ve-

---

[1] Auxiant-MBA is the third-party administrator of a health care plan that paid medical expenses for Held and Rennicke. It joined Held and Rennicke in opposing Ackerville's motion for summary judgment. Auxiant asked that its letter brief to the circuit court be included in the appellate record and has not filed a separate appellate brief.

hicle broke down while grooming a section of the trail and the drag was disconnected. Ackerville left the drag in anticipation of returning to retrieve it with a repaired towing vehicle.[2]

¶ 4. Held and Rennicke brought claims against Ackerville, alleging it had negligently maintained the grooming equipment, failed to move the drag from the trail, and failed to provide any warning of the hazard to trail users. Ackerville answered and affirmatively alleged that the negligence claims were barred by WIS. STAT. § 895.52 (2005–06),[3] Wisconsin's recreational immunity statute. Shortly thereafter, Ackerville moved for summary judgment.

¶ 5. Held and Rennicke argued that summary judgment was inappropriate where disputed facts exist. They emphasized that application of the recreational immunity statute to a particular case was "by its nature very fact intensive." The circuit court agreed, but then explained that the "issue before the Court factually is not whether [Ackerville] was negligent or the precise mechanism of that negligence, it is rather whether [Ackerville] enjoys statutory immunity." The court then granted Ackerville's motion and entered judgment accordingly.

## DISCUSSION

¶ 6. We review summary judgments de novo, without deference to the circuit court. *Kosky v. Int'l*

---

[2] The parties dispute whether the drag was left partially on the trail or completely off of the trail. The law enforcement officer's report indicates that the drag "appeared to have been parked in the curve of the trail." This disputed fact is not material to our analysis.

[3] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise stated.

*Ass'n of Lions Clubs*, 210 Wis. 2d 463, 470, 565 N.W.2d 260 (Ct. App. 1997). Summary judgment is appropriate where the pleadings, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2). Here, the parties dispute certain facts related to whether Ackerville was negligent; however, that inquiry is only relevant if Ackerville does not enjoy immunity. The facts relevant to this appeal are generally undisputed and, as required when reviewing a summary judgment, are to be considered in the light most favorable to the nonmoving party. *See Smaxwell v. Bayard*, 2004 WI 101, ¶ 12, 274 Wis. 2d 278, 682 N.W.2d 923. Therefore we must address whether Wis. Stat. § 895.52 provides immunity to Ackerville, a question of law that we review de novo. *See Kosky*, 210 Wis. 2d at 470.

¶ 7. Held and Rennicke (together, Held) submit three allegations of error, specifically: (1) the recreational immunity statute does not apply to temporarily abandoned equipment that is unrelated to the condition of the land, (2) immunity under these circumstances would not serve the legislative purpose behind the statute, and (3) Ackerville was not an owner of the land as defined by Wis. Stat. § 895.52(1)(d).

¶ 8. Wisconsin's recreational immunity statute recognizes "the dramatic shrinkage of the public's access to recreational land in an increasingly crowded world" and encourages landowners to open their property to the public for recreational use. *Kosky*, 210 Wis. 2d at 477 (citation omitted). The statute states that, except in certain situations, "no owner . . . is liable for the death of, any injury to, or any death or injury caused by, a person engaging in a recreational activity

on the owner's property." WIS. STAT. § 895.52(2)(b). Therefore, for immunity to apply, certain conditions must exist. First, as here, the claimant's injuries must have been sustained during recreational activity. *See Kosky*, 210 Wis. 2d at 470. Next, the allegedly negligent party must be an owner of the property where the injury occurred. *See* §§ 895.52(1)(d) and (2). There are some circumstances under which immunity will not apply, but courts are to "liberally construe the statute in favor of property owners." *Kautz v. Ozaukee County Agric. Soc'y*, 2004 WI App 203, ¶ 9, 276 Wis. 2d 833, 688 N.W.2d 771.

■

¶ 9. One circumstance that may affect immunity is whether a property owner's allegedly negligent act is related to the condition or maintenance of the land. *See Kosky*, 210 Wis. 2d at 475. In *Kosky*, we turned to *Linville v. City of Janesville*, 184 Wis. 2d 705, 516 N.W.2d 427 (1994), for guidance. We noted that the *Linville* court barred immunity where the allegedly negligent activity was not related to the condition or maintenance of the land. *Kosky*, 210 Wis. 2d at 475. Kosky was injured by an explosion in a firing tube while helping the local Lions Club with their annual Fourth of July fireworks display. *Id.* at 469. We concluded that the Lions Club's activities (establishing a process for loading and cleaning firing tubes, and supervising and training workers) were not related to the condition or maintenance of the land, but rather to the detonation of fireworks. *Id.* at 476–77. In accordance with *Linville*, we held that "recreational immunity does not attach to the landowner when an act of the landowner's officer, employee or agent that is unrelated to the condition or maintenance of the land causes injury to a recreational land user." *Kosky*, 210 Wis. 2d at 475.

¶ 10. Relying on *Kosky*, Held argues that an abandoned piece of equipment, left on the trail when there was ample opportunity to retrieve it, is unrelated to the condition or maintenance of the land. Held asserts, "Once the [grooming] sled broke down, the grooming and/or maintenance of that trail had ceased." Ackerville counters that *Kosky* simply stands for the proposition that where the acts of the owner have no connection to the recreational use of the land, immunity does not apply. Here, Ackerville argues, its trail grooming activities are directly related to the land because without them, there would be no trail for snowmobile riders to enjoy.

¶ 11. Held would have us conclude that because Ackerville was not actively maintaining the trail at the time of the collision, there is no immunity. Ackerville counters that in *Linville*, the city of Janesville was immune from liability for activities related to pond maintenance even though there was no indication that Janesville employees were actively performing their duties at the time of the accident. *See Linville*, 184 Wis. 2d at 720.[4] In *Linville*, the court held that the city was not liable as a property owner under the recreational use statute for the drowning death of a child who was fishing in a city pond; however, the city paramedics, who were alleged to have negligently provided medical care, were not so immune. *Id.* at 720–21. The court distinguished between the injury caused by the recreational use of the property and the injury caused by an alleged negligent performance of medical services. *Id.*

---

[4] The court of appeals opinion provides facts not reproduced in the supreme court opinion; specifically, that Linville's accident at the pond occurred at night. *See Linville v. City of Janesville*, 174 Wis. 2d 571, 578, 497 N.W.2d 465 (Ct. App. 1993).

¶ 12. Held invites us to make a similar distinction here, suggesting we distinguish between the act of trail grooming, the act of leaving the drag partly on the trail, and the failure to act for six days before retrieving the drag. However, for purposes of the recreational use statute, there is no distinction to be made.

¶ 13. First, the statute does not distinguish between active and passive negligence in the recreational immunity law. *See Ervin v. City of Kenosha,* 159 Wis. 2d 464, 472, 464 N.W.2d 654 (1991) ("Wisconsin case law permits immunity under the recreational use statute for both active and passive negligence"). Under Wis. Stat. § 895.52, claims for passive negligence, such as Ackerville's alleged failure to retrieve the grooming equipment, are no more viable than claims for active negligence, such as Ackerville's alleged decision to leave the disabled equipment partially on the trail in a blind curve. Furthermore, all of the acts alleged are related to the condition or maintenance of the snowmobile trail. Had there been no recreational snowmobiling trail on the land, Ackerville would not have had grooming equipment there. Finally, as we have already stated, the law must be liberally construed in favor of immunity. *See Kautz,* 276 Wis. 2d 833, ¶ 9.

¶ 14. Next, Held argues that the policy behind the recreational use statute will not be promoted by offering Ackerville immunity. Held asks, "What motivation would Ackerville have to expeditiously handle similar equipment malfunctions in the future if it is given blanket immunity for all its actions here?" This however, misrepresents the underlying policy of the statute, which is "to encourage property owners to open their lands for recreational activities by removing a property user's potential cause of action against a property

owner's alleged negligence." *Kautz*, 276 Wis. 2d 833, ¶ 9. The intent is clear from the language of the statute itself:

> **(2)** No DUTY; IMMUNITY FROM LIABILITY. (a) Except as provided in subs. (3) to (6), no owner and no officer, employee or agent of an owner owes to any person who enters the owner's property to engage in a recreational activity:
>
> 1. A duty to keep the property safe for recreational activities.
>
> 2. A duty to inspect the property, except as provided under s. 23.115 (2).
>
> 3. A duty to give warning of an unsafe condition, use or activity on the property.

WIS. STAT. § 895.52(2). The legislature did not enact the recreational use statute to stop landowners from engaging in negligent behavior, but to induce property owners to open their land for recreational use. *See Kautz*, 276 Wis. 2d 833, ¶ 9. In doing so, it determined that recreational users should bear the risk of the recreational activity. *See Ervin*, 159 Wis. 2d at 477. Accordingly, Held's policy argument fails.

¶ 15. Finally, Held argues that Ackerville is not an owner, or more specifically an "occupier," under the statute and is not entitled to immunity. The relevant statutory definitions are as follows:

> (d) "Owner" means either of the following:
>
> 1. A person, including a governmental body or nonprofit organization, that owns, leases or *occupies* property.

2. A governmental body or nonprofit organization that has a recreational agreement with another owner.

. . . .

(h) "Recreational agreement" means a written authorization granted by an owner to a governmental body or nonprofit organization permitting public access to all or a specified part of the owner's property for any recreational activity.

WIS. STAT. § 895.52(1)(d) (emphasis added).

¶ 16. Held contends that Ackerville was not an "occupier" of the land because the club "failed to exercise the degree of permanence necessary to be considered an 'occupier.' " Ackerville contends that this precise question has already been addressed in *Leu v. Price County Snowmobile Trails Ass'n*, 2005 WI App 81, 280 Wis. 2d 765, 695 N.W.2d 889, *review denied*, 2005 WI 136, 285 Wis. 2d 629, 703 N.W.2d 379. Indeed, in *Leu* we took up the question of whether a snowmobile trail association and a snowmobile riding club occupied the subject property and thus were owners entitled to immunity under the recreational use statute. *Id.*, ¶ 9. The two organizations worked together to establish, maintain and groom trails in the county. *Id.*, ¶ 3. We observed that occupants may be those who have actual use of property without legal title, dominion, or tenancy and should include those more transient than owners or lessees. *Id.*, ¶ 11. Concluding that the snowmobile association and the riders' club were occupants of the land, we stated, "It is the relative functions of the organizations and their relation to the collective task of maintaining that [snowmobile trail] system that makes them 'occupiers' under the statute . . . ." *Id.*, ¶ 15.

¶ 17. Held asks us to consider *Mooney v. Royal Insurance Co. of America*, 164 Wis. 2d 516, 520–22, 476

N.W.2d 287 (Ct. App. 1991), for the proposition that a snowmobile club is not always an occupier. We agree that recreational use cases are fact intensive and that it is possible for a sporting club to be an owner in one situation and a similar sporting club to fall outside of the definition of owner in another. Here, however, the relevant and undisputed facts are akin to those in *Leu*. In *Leu*, the two organizations who maintained the trail were sued when a recreational rider collided with a fallen tree on the trail and died. *Leu*, 280 Wis. 2d 765, ¶¶ 2, 3. By contrast, in *Mooney*, the snowmobile club had sponsored a fund-raising race and after the race had cleaned up and left the property. *Mooney*, 164 Wis. 2d at 519. The *Mooney* court held that immunity did not apply where the club had totally abandoned the property. *Id.* at 522.

¶ 18. Here, Ackerville was engaged in ongoing trail maintenance on the property. It had not abandoned the trail, but maintained the trail during the snowmobiling season when snowfall levels would allow. The relevant facts here are substantially similar to those in *Leu*, and we comfortably draw the analogy. Ackerville occupied the land and thus enjoys immunity under the statute.

¶ 19. Held also argues that Ackerville did not have an enforceable recreational agreement with the property owner because the written agreement had not been signed by the property owner. Therefore, Held's argument goes, Ackerville is not an owner under Wis. Stat. § 895.52(1)(d)2. We need not address this argument because we have determined that Ackerville is an occupier of the land under § 895.52(1)(d)1. When a decision on one issue resolves another, we need not consider the alternative argument. *See Gross v.*

*Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need to be addressed).

## CONCLUSION

¶ 20. Where the acts of a property owner have no connection to the recreational use of the land, immunity under WIS. STAT. § 895.52 does not apply. *Kosky*, 210 Wis. 2d at 475. Here, all of Ackerville's allegedly negligent acts are related to the condition or maintenance of the snowmobile trail and fall within the parameters of the recreational use statute. Furthermore, the legislature did not enact the recreational use statute to stop landowners from engaging in negligent behavior, but to induce property owners to open their land for recreational use. In doing so, it determined that recreational users should bear the risk of the recreational activity. *See Ervin*, 159 Wis. 2d at 477. Finally, Ackerville occupied the land during the snowmobile season and thus enjoys immunity under the statute.

*By the Court.*—Judgment affirmed.