WEA Property & Casualty Insurance Company,
Plaintiff-Respondent,

v.

Ronald A. Krisik, Defendant-Appellant.†

Court of Appeals

*No. 2011AP1335. Submitted on briefs January 11, 2012.*
*—Decided November 7, 2013.*

2013 WI App 139

(Also reported in 841 N.W.2d 290.)

73

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jason W. Whitley* of *Novitzke, Gust, Sempf, Whitley & Bergmanis*, Amery.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael P. Crooks* and *John R. Rather* of *Peterson, Johnson & Murray, S.C.*, Madison.

Before Blanchard, P.J., Lundsten and Higginbotham, JJ.

¶ 1. HIGGINBOTHAM, J.   Ronald Krisik received severe injuries to his arm while cutting branches from a tree located on property adjacent to property owned

by his brother-in-law, John Beam. WEA Property & Casualty Insurance Company was Beam's homeowner's insurance carrier at the time of the accident. WEA Property brought an action against Krisik seeking a declaration that Beam and WEA Property were immune from liability for the injuries suffered by Krisik under Wisconsin's recreational immunity statute, Wis. Stat. § 895.52 (2011–12).[1] The circuit court granted summary judgment to WEA Property, concluding that WEA Property was immune from liability based on the undisputed facts of record. We agree and conclude that WEA Property is immune from liability because Krisik was injured while engaging in a "recreational activity" as defined by § 895.52(1)(g), and because Beam "occupied" the property where the injury occurred and therefore was an "owner" of the property as those terms are used in § 895.52(1)(d)1. Accordingly, we affirm the summary judgment entered in favor of WEA Property.

## BACKGROUND

¶ 2. In January 2007, Beam and his brother-in-law, Krisik, were cutting down trees along Beam Road. Beam Road is a township road that connects to a long private driveway leading to Beam's house. Beam wanted to cut down the trees primarily because they were in danger of falling on his power lines. Krisik's primary responsibility was to tie rope around the trees and to tie the rope to a pickup truck that was used to pull the trees away from the power lines as Beam cut down the trees.

¶ 3. While taking a break from cutting down the trees, Beam noticed a tree along the northern edge of Beam Road that had branches stretching over a portion

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

of his private driveway. Krisik agreed to climb a ladder and cut the tree branches with a chainsaw, while Beam held onto the base of the ladder. One of the branches cut by Krisik grazed Beam's left shoulder as it fell to the ground. Beam lost his grip on the ladder, and the ladder shifted, causing Krisik to lose control of the chainsaw. The chainsaw cut through Krisik's left arm, just below the elbow.

¶ 4. WEA Property filed an action in the Dane County Circuit Court, seeking a declaration that WEA Property and Beam were immune from liability under the recreational immunity statute. WEA Property moved for declaratory judgment, arguing that the immunity statute applied because Krisik was engaged in a "recreational activity" at the time of injury and because it was undisputed that Beam was the "owner" of the property on which Krisik was injured. In response, Krisik challenged Beam's claim that Beam "owned" the property by presenting evidence that Beam did not hold legal title to the property. In reply, WEA Property argued for the first time that Beam "occupied" the property and therefore was an "owner" of the property under the recreational immunity statute. In support, WEA Property submitted an affidavit from Beam, in which he averred that he maintained the property since the early 1980s. The court granted summary judgment to WEA Property.[2]

¶ 5. Krisik moved for reconsideration of the court's decision on the ground that he had no opportunity to respond to WEA Property's assertion that Beam "occupied" the property because WEA Property waited until its reply brief to make that assertion. The circuit

_____

[2] The circuit court understood WEA Property's motion for declaratory judgment in essence to be a motion for summary judgment and applied the summary judgment methodology.

court granted the motion and permitted Krisik to submit additional information on the limited issue of whether Beam was the "owner" of the property. Beam passed away before Krisik could depose Beam regarding the ownership issue. Krisik then moved to strike Beam's affidavit on the ground that it constituted inadmissible hearsay because "[t]he testimony offered in the affidavit was never subject to cross-examination."

¶ 6. The circuit court denied Krisik's motion for reconsideration on the ground that Krisik had not met his burden under the applicable legal standard. The court also denied Krisik's motion to strike Beam's affidavit on the primary ground that it went "beyond the scope of the reconsideration motion." Krisik appeals.

## DISCUSSION

¶ 7. Before reaching the merits of the appeal, we address two arguments raised by Krisik related to his motion for reconsideration. Krisik first argues that the circuit court improperly limited the scope of the motion for reconsideration to the ownership issue. He also argues that the court, in denying the motion for reconsideration, improperly applied the discretionary standard of review for motions for reconsideration, rather than reassessing whether WEA Property was entitled to summary judgment under a de novo standard of review.[3] We do not address either argument. For purposes of this appeal, we assume without deciding that

---

[3] Krisik also argues that the circuit court erred in denying Krisik's motion to strike Beam's affidavit. According to Krisik, the affidavit constitutes inadmissible hearsay because Beam passed away before he could be cross-examined regarding the statements made in the affidavit. Because Krisik does not fully develop an argument on the topic and cites to no legal authority

the circuit court should have treated all of the information Krisik submitted in support of his motion for reconsideration as additional submissions from which to reassess the court's original summary judgment decision, thus applying a de novo standard of review. Nonetheless, applying the de novo standard of review and considering all of Krisik's submissions, we conclude that WEA Property is immune from liability under the recreational immunity statute.[4]

¶ 8.　Summary judgment is appropriate when the affidavits and other submissions show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2). Here, Krisik argues that WEA Property cannot prevail on summary judgment because material facts are in dispute. Specifically, Krisik argues that a genuine issue of material fact exists based on Beam's affidavit, in which he averred that at the time Krisik was injured, Beam believed that he was the owner of title to the subject property and deposition testimony from Beam's wife that a neighbor's brother informed

---

in support of his argument, we do not further address the argument. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (arguments that are not fully developed and that are unsupported by references to legal authority will not be considered).

[4] WEA Property argues in its response brief that Krisik cannot prevail on his argument that WEA Property is not entitled to summary judgment because Krisik did not file a notice of appeal within ninety days of the court's summary judgment decision, pursuant to Wis. Stat. § 808.03(1). Krisik counters in his reply brief that the order granting summary judgment to WEA Property was not a final decision for purposes of appeal and that he filed the notice of appeal within ninety days of the court's final decision in this case, as required. We assume without deciding that Krisik filed a notice of appeal before the applicable deadline but nonetheless conclude that WEA Property is entitled to summary judgment.

79

Beam prior to the accident that the neighbor owned the property. However, as we make clear later in this opinion, it makes no difference whether Beam believed that he legally owned the property because the resolution of this case turns on whether Beam "occupied" the property, one of the grounds upon which ownership status may be established for purposes of obtaining immunity. *See* WIS. STAT. § 895.52(1)(d)1.

█

¶ 9. Moreover, what Krisik claims are factual disputes—whether Krisik was engaged in a "recreational activity" at the time of injury and whether Beam "owned" the property where Krisik was injured—are in actuality disputes about the legal consequences of the underlying undisputed facts. Because the material underlying facts are not in dispute, the only question we must address is whether WEA Property is immune from liability under the recreational immunity statute, a question of law subject to de novo review. *See Kruschke v. City of New Richmond*, 157 Wis. 2d 167, 169, 458 N.W.2d 832 (Ct. App. 1990).

¶ 10. The recreational immunity statute is set forth in WIS. STAT. § 895.52. It provides in relevant part:

> [N]o owner and no . . . agent of an owner is liable for . . . any injury to . . . a person engaging in a recreational activity on the owner's property . . . .

§ 895.52(2)(b). According to the statutory language, at least two conditions must exist for immunity to apply: the alleged injuries must have occurred while the injured party was engaged in a "recreational activity," and the allegedly negligent party must be an "owner" of the property on which the injury occurred. *See Held v. Ackerville Snowmobile Club, Inc.*, 2007 WI App 43, ¶ 8, 300 Wis. 2d 498, 730 N.W.2d 428. We are satisfied that both conditions have been met here.

I. Whether Krisik was Engaged in a "Recreational Activity"

██

¶ 11.   Krisik contends that he was not engaged in a "recreational activity" at the time he was injured. Krisik rests this contention on two premises. The first is that, although he was cutting a tree branch when he was injured, his primary responsibility on the day in question was not to cut wood but rather to tie rope around trees. The second is that he was cutting tree branches "as a favor to his relative," and not for the purpose of exercise, relaxation, or pleasure. As we now explain, neither premise is material to determining whether Krisik was engaged in a "recreational activity" at the time that he was injured.

¶ 12.   "Recreational activity" is defined in WIS. STAT. § 895.52(1)(g) as follows:

> "Recreational activity" means any outdoor activity undertaken for the purpose of exercise, relaxation or pleasure, including practice or instruction in any such activity. "Recreational activity" includes hunting, fishing, . . . cutting or removing wood . . . .

¶ 13.   Krisik readily admits that he was injured while cutting tree branches, which was, in the words of the statute, "cutting . . . wood." WIS. STAT. § 895.52(1)(g). Thus, we fail to see why it is relevant that during the rest of the day Krisik's primary responsibility was to tie rope around trees.[5]

---

[5] We do not mean to suggest that if Krisik were injured while assisting another in cutting wood, he would not be engaged in "cutting wood" within the meaning of the statute. That issue is not before us.

¶ 14. Next, as to purpose, it does not matter whether Krisik was cutting wood for the purpose of exercise, relaxation, or pleasure. The statute plainly states that the definition of "recreational activity" includes "cutting or removing wood." WIS. STAT. § 895.52(1)(g). By including "cutting or removing wood" within the definition of "recreational activity," the legislature made a policy choice that engaging in the activity of "cutting or removing wood" *is* a recreational activity.

¶ 15. Krisik relies on *Mooney v. Royal Ins. Co. of America*, 164 Wis. 2d 516, 520–22, 476 N.W.2d 287 (Ct. App. 1991), and *Held*, 300 Wis. 2d 498, ¶ 17, for the proposition that an activity that is specifically enumerated under the statute, such as cutting wood, is "recreational" only when undertaken for a relaxing or pleasurable purpose. However, Krisik's reliance on these cases is misplaced.

¶ 16. In *Mooney*, a snowmobiler was injured after hitting a large mound of frozen snow that a nonprofit club failed to remove after holding a speed race on the property several days earlier. *Mooney*, 164 Wis. 2d at 519–20. Applying the plain language of WIS. STAT. § 895.52(1)(g), we concluded that snowmobiling was a "recreational activity." *Id.* at 520. We did not consider whether the snowmobiler was engaged in snowmobiling for a relaxing or pleasurable purpose, as Krisik urges us to do with respect to the activity at issue here.

¶ 17. *Held* also has no application to the instant case. It is true that in *Held*, we stated that "recreational use cases are fact intensive and that it is possible for a sporting club to be an *owner* in one situation and a similar sporting club to fall outside of the definition of *owner* in another." *Held*, 300 Wis. 2d 498, ¶ 17 (emphasis added). However, we did not purport to establish a

rule that an *activity* specifically enumerated under Wis. Stat. § 895.52(1)(g), such as cutting wood, may constitute a "recreational activity" in some circumstances but not in others.

¶ 18. We acknowledge that we have previously stated that whether a person is engaged in "recreational activity" at the time of injury requires us to apply an objective test, in which we examine all aspects of the activity, including its nature and purpose. *See Linville v. City of Janesville,* 174 Wis. 2d 571, 579–80, 497 N.W.2d 465 (Ct. App. 1993), *aff'd,* 184 Wis. 2d 705, 516 N.W.2d 427 (1994). However, the *Linville* test has been applied to determine whether an activity that is not specifically enumerated under the statute qualifies as "recreational" on the ground that it is substantially similar to an enumerated activity. *See Kosky v. International Ass'n of Lions Clubs,* 210 Wis. 2d 463, 473, 565 N.W.2d 260 (Ct. App. 1997) (explaining that the *Linville* test is used to determine "whether a person is engaged in recreational activity substantially similar to an enumerated activity"). However, in cases where an individual was injured while engaging in an activity specifically enumerated under the statute, we have concluded that the activity was "recreational," without examining the various aspects or the purposes of the activity. *See Mooney,* 164 Wis. 2d at 520; *Doane v. Helenville Mut. Ins. Co.,* 216 Wis. 2d 345, 351, 575 N.W.2d 734 (Ct. App. 1998) (fishing is a "recreational activity" because it is specifically enumerated by statute); *Peterson v. Midwest Sec. Ins. Co.,* 2001 WI 131, ¶ 13, 248 Wis. 2d 567, 636 N.W.2d 727 (hunting is a "recreational activity" because it is specifically enumerated by statute).

¶ 19. In sum, because "cutting wood" is specifically enumerated as a recreational activity by statute, we conclude that Krisik was engaged in a "recreational activity" at the time of injury.

II.   Whether Beam was an "Owner"

▪

¶ 20.   Turning to Krisik's ownership argument, Krisik contends that Beam was not the "owner" of the subject property within the meaning of Wɪs. Sᴛᴀᴛ. § 895.52(1)(d)1. The recreational immunity statute defines an "owner," in relevant part, as "[a] person . . . that owns, leases or occupies property." § 895.52(1)(d)1. The parties do not dispute that Beam did not own or lease the subject property. Thus, the question is whether Beam "occupied" the property within the meaning of the statute.

¶ 21.   An occupant is a person "who has the actual use of property without legal title, dominion or tenancy" and "encompass[es] a resident of land who is more transient than either a lessee or an owner." *Hall v. Turtle Lake Lions Club*, 146 Wis. 2d 486, 491, 431 N.W.2d 696 (Ct. App. 1988) (quoting other sources). Although an occupant is not required to have exclusive control of the property, an occupant's use of the property should have "a degree of permanence." *Doane*, 216 Wis. 2d at 351.

¶ 22.   Applying the above definition of "occupant" to the undisputed facts, we conclude that Beam occupied the subject property. There is no dispute that Beam actually used the property for over thirty years, during which time he mowed the lawn, cared for the trees, and put in gravel as needed. *See Bethke v. Lauderdale of La Crosse, Inc.*, 2000 WI App 107, ¶ 13, 235 Wis. 2d 103, 612 N.W.2d 332 (condominium association "occupied" the common areas of the condominium because it had "actual use" of those areas); *Held*, 300 Wis. 2d 498, ¶ 18 (snowmobile club "occupied" snowmobile trail by

engaging in ongoing maintenance of the trail). There is also no dispute that Beam was never asked to stop using or maintaining the property by the owner of title, which in this case is either Beam's neighbor or the Town of Kennan.

¶ 23.   Krisik argues that a person is an occupant only if he or she had permission to use the property, and that Beam was not an occupant because he lacked permission to use the property. We understand Krisik in essence to be contending that an occupant must have express permission to use the property from the owner of legal title. In support, Krisik relies on *Bethke*, 235 Wis. 2d 103, ¶¶ 12–13, and *Hall*, 146 Wis. 2d at 490, where, as Krisik explains, the "occupation of the land was with specific permission" of the legal owner of the property. However, neither *Bethke* nor *Hall* purport to establish a rule that one "occupies" property for purposes of the recreational immunity statute only when there is express permission to enter the property. Krisik does not cite to any other legal authority establishing such a rule. Indeed, such a rule would be contrary to the broad definition of occupant set forth in *Hall* and to the purpose of the recreational immunity statute, which is to encourage the opening of land for recreational activity. *See Kautz v. Ozaukee Cnty. Agric. Soc'y*, 2004 WI App 203, ¶ 9, 276 Wis. 2d 833, 688 N.W.2d 771 (explaining the policy behind the recreational immunity statute).

¶ 24.   In a related argument, Krisik contends that, because Beam lacked express permission to use the property, Beam was a trespasser on the property rather than an occupant. This argument is simply a reframing of the above argument by Krisik that Beam was not an occupant because he did not have the express permission of the owner of legal title to use the property. We

reject this argument for the same reasons that we rejected Krisik's express permission argument above.

¶ 25. Krisik next argues that Beam was not an occupant because an occupant must use the property for the purpose of engaging in recreational activity, and Beam was not occupying the land for any recreational purpose. Krisik misreads the statute. The statute provides that the *injured party* must use the property for recreational activity, not that the *owner* of the property must use the property for recreational activity. *See* WIS. STAT. § 895.52(2)(b). Thus, the question is whether Krisik, not Beam, was engaged in a recreational activity, and, as we have already concluded, Krisik was engaged in a recreational activity because he was cutting wood at the time of injury.

¶ 26. For the foregoing reasons, we conclude that WEA Property is immune from liability under the recreational immunity statute and therefore it is entitled to judgment as a matter of law. Accordingly, we affirm.

*By the Court.*—Judgment affirmed.